**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 1:15-cv-21264-MGC

JUSTIN MARK BOISE,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

ACE AMERICAN INSURANCE
COMPANY, and ACE USA, INC.,

        Defendants.
_____/

**DEFENDANT ACE AMERICAN INSURANCE COMPANY'S
<u>RULE 12(b)(1) MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY</u>**

        Daniel Cruz, Esq.
        BROWN SIMS
        9130 South Dadeland Blvd.
        Suite 1600
        Miami, Florida 33156
        (305) 274-5507

        Matthew D. Ingber (*pro hac vice*)
        MAYER BROWN LLP
        1221 Avenue of the Americas
        New York, New York 10020
        (212) 506-2500

        Archis A. Parasharami (*pro hac vice*)
        MAYER BROWN LLP
        1999 K Street N.W.
        Washington, D.C. 20006
        (202) 263-3000

        *Attorneys for Defendant ACE
        American Insurance Company*

## TABLE OF CONTENTS

                                                                             **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 3

ARGUMENT ............................................................................................................................ 5

I.      Boise Lacks Article III Standing To Pursue His Claims ........................................... 5

         A.     Boise has not alleged a concrete injury in fact .......................................... 5

         B.     In the alternative, this Court should await the Supreme Court's upcoming decision in *Spokeo* ........................................................................ 7

II.     ACE's Offer Of Judgment Mooted Boise's Claims ............................................. 9

CONCLUSION ...................................................................................................................... 12

## TABLE OF AUTHORITIES
**Page(s)**

**CASES**

*Air Line Pilots Ass'n v. Miller*,
 523 U.S. 866 (1998) ................................................................................................................7

*Anker v. Wesley*,
 670 F. Supp. 2d 339 (D. Del. 2009) ........................................................................................9

*Ariz. Christian Sch. Tuition Org. v. Winn*,
 131 S. Ct. 1436 (2011) ............................................................................................................6

*Assoc. for Disabled Americans, Inc. v. Fla. Int'l Univ.*,
 405 F.3d 954 (11th Cir. 2005) .................................................................................................9

*Bainbridge v. Tuter*,
 2004 WL 5579425 (M.D. Fla. 2004) .......................................................................................9

*Campbell-Ewald Co. v. Gomez*,
 No. 14-857, 2015 WL 246885 (U.S. May 18, 2015) ..............................................................2

*Clinton v. Jones*,
 520 U.S. 681 (1997) ................................................................................................................7

*Cmty. State Bank v. Strong*,
 651 F.3d 1241 (11th Cir. 2011) ..............................................................................................8

*Colby v. Publix Super Mkts., Inc.*,
 2012 WL 2357745 (N.D. Ala. 2012) .......................................................................................9

*Doe v. Chao*,
 540 U.S. 614 (2004) ................................................................................................................6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
 528 U.S. 167 (2000) .............................................................................................................5, 6

*Genesis Healthcare Corp. v. Symczyk*,
 133 S. Ct. 1523 (2013) ..........................................................................................9, 10, 11, 12

*Gladstone, Realtors v. Vill. of Bellwood*,
 441 U.S. 91 (1979) ..................................................................................................................5

*Held v. Davis*,
 778 F. Supp. 527 (S.D. Fla. 1991) ...........................................................................................9

*Henderson v. Campbell*,
 2007 WL 781966 (N.D. Cal. 2007) .........................................................................................9

# TABLE OF AUTHORITIES
### continued

**Page(s)**

*Houlihan v. Sussex Tech. Sch. Dist.*,
   461 F. Supp. 2d 252 (D. Del. 2006)..................................................................................9

*Johns v. Evergreen Presbyterian Ministries, Inc.*,
   826 F. Supp. 1050 (E.D. Tex. 1993)..................................................................................9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)...........................................................................................................7

*Lawrence v. Dunbar*,
   919 F.2d 1525 (11th Cir. 1990) .........................................................................................3

*Lewis v. Cont'l Bank Corp.*,
   494 U.S. 472 (1990)...........................................................................................................9

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).......................................................................................................5, 6

*Maradiaga v. United States*,
   679 F.3d 1286 (11th Cir. 2012) .........................................................................................3

*Michael v. Ghee*,
   325 F. Supp. 2d 829 (N.D. Ohio 2004)..............................................................................9

*Odneal v. Dretke*,
   435 F. Supp. 2d 608 (S.D. Tex. 2006) ...............................................................................9

*Palm Beach Golf Center-Boca, Inc. v. Sarris*,
   781 F.3d 1245 (11th Cir. 2015) ......................................................................................6, 7

*Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*,
   2014 WL 7366255 (S.D. Fla. 2014) ..................................................................................4

*Raines v. Byrd*,
   521 U.S. 811 (1997)...........................................................................................................5

*Sierra Club v. Coca-Cola Corp.*,
   673 F. Supp. 1555 (M.D. Fla. 1987)..................................................................................9

*Sigvarsten v. Smith Barney Harris Upham & Co.*,
   1985 WL 8033 (M.D. Fla. 1985).......................................................................................9

*Smith v. Markone Fin., LLC*,
   2015 WL 419005 (M.D. Fla. 2015)...................................................................................4

# TABLE OF AUTHORITIES
## continued

**Page(s)**

*Sosna v. Iowa*,
   419 U.S. 393 (1975)..................................................................................................................12

*Spencer v. Kemna*,
   523 U.S. 1 (1998)......................................................................................................................9

*Spokeo, Inc. v. Robins*,
   135 S. Ct. 1892 (2015)..............................................................................................................2

*Stein v. Buccaneers Ltd. P'Ship*,
   772 F.3d 698 (11th Cir. 2014) ..........................................................................................10, 11

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)...............................................................................................................5, 7

*U.S. Parole Comm'n v. Geraghty*,
   445 U.S. 388 (1980)................................................................................................................12

*Warth v. Seldin*,
   422 U.S. 490 (1975)..................................................................................................................7

**STATUTES AND RULES**

47 U.S.C. § 227..............................................................................................................................1

47 U.S.C. § 227(c)(5).....................................................................................................................4

Fed. R. Civ. P. 12(b)(1)............................................................................................................1, 12

Fed. R. Civ. P. 23......................................................................................................................2, 11

Fed. R. Civ. P. 68............................................................................................................... *passim*

**OTHER AUTHORITIES**

H.R. Rep. No. 102–317 (1991) ......................................................................................................7

Defendant ACE American Insurance Company ("ACE"), by and through its counsel of record, hereby moves to dismiss plaintiff Justin Mark Boise's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, to stay the case.[1]

### INTRODUCTION

Boise alleges that he received two telephone calls from ACE. But he admits that he did not answer the phone either time he was allegedly called, and that ACE never left a message on his answering machine. Indeed, Boise alleges that the only time that he even arguably communicated with ACE was when he himself dialed ACE and listened to an automated menu before hanging up.

Despite this minimal (indeed, virtually non-existent) interaction with ACE, Boise demands statutory damages under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, for each telephone call that he allegedly received from ACE. And he (and his counsel) seek to represent a nationwide class, hoping to multiply those potential statutory damages exponentially.

But his attempt to do so is doomed from the start because this Court lacks subject matter jurisdiction to entertain his claims for two independent reasons: (1) Boise lacks Article III standing because he alleges a mere technical statutory violation and fails to allege any actual, concrete injury-in-fact; and (2) Boise's claims are moot, because ACE has made Boise an offer of judgment (attached as Exhibit A) under Federal Rule of Civil Procedure 68 that more than fully satisfies Boise's own claims against ACE. We expect that Boise will argue that the alleged violation of the TCPA itself amounts to an injury sufficient to confer Article III standing; and that his likely refusal of ACE's offer and his desire to represent a class are sufficient to keep his claims from being moot. As explained below, ACE maintains that both of those arguments fail in light of current Supreme Court precedent, and Boise's claims should therefore be dismissed.

---

[1] Boise has also sought to name "ACE USA, Inc." as a defendant. But that entity does not exist, and accordingly Boise has not served it (nor could he do so).

1

That said, the Court does not need to resolve the jurisdictional issues definitively now. Instead, the Court can and should stay this case because the Supreme Court recently granted *certiorari* in two cases that bear directly on the issues before this Court. First, the Supreme Court granted review in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), to resolve a conflict among the courts of appeal over "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. for Writ of *Certiorari*, at i, *Spokeo, Inc. v. Robins*, No. 13-1339, 2014 WL 1802228 (U.S. May 1, 2014) (attached as Exhibit B). The outcome in *Spokeo* may well clarify that this Court lacks subject-matter jurisdiction over bare statutory violations when, as here, the named plaintiff does not claim that he suffered any concrete harm.

Second, the Court granted review in *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015), to address (as relevant here) the following two questions:

1. Whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim.

2. Whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified.

Pet. for Writ of *Certiorari*, at i, *Cambell-Ewald Co. v. Gomez*, 2015 WL 241891 (U.S. Jan. 16, 2015) (attached as Exhibit C). *Campbell-Ewald* is on all fours with this case. It, like this case, is a TCPA putative class action, and the defendant in *Campbell-Ewald* offered the named plaintiff more than full satisfaction of his individual claims on substantially the same terms as those offered to Boise by ACE here. Thus, whatever the Supreme Court decides in *Campbell-Ewald* is virtually certain to govern the outcome of the mootness issue in this case.

Because the one-two combination of the Supreme Court's upcoming decisions in *Spokeo* and *Campbell-Ewald* likely will substantially affect (or outright dispose of) the jurisdictional

2

issues raised by this motion, ACE respectfully submits that if the case is not dismissed now, judicial economy would best be served by staying this action until those cases are decided.

## BACKGROUND

ACE provides a variety of specialty insurance products to its clients. First Am. Compl. (FAC) ¶¶ 16, 28, 30. Boise alleges that in March 2015 he received on his residential telephone two calls from a number belonging to ACE. *Id.* ¶¶ 20–21.[2] In neither instance did Boise answer the phone, nor did the caller leave a message. *Id.* ¶¶ 24–25. Rather, Boise claims that he discovered the identity of the caller and the purpose of the calls by searching the Internet and by calling back the number from which he had received the calls. *Id.* ¶¶ 26–30.

Boise alleges that his telephone number is registered on the national Do Not Call Registry and that ACE violated the TCPA by purportedly calling him "to sell property insurance." FAC ¶¶ 19, 28, 64–72. He seeks to represent a nationwide putative class of

> [a]ll individuals in the United States who within the applicable statute of limitations: (1) received more than one telephone call made by or on behalf of Defendant within the 12-month period; (2) to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days; and (3) for whom Defendant has no record of consent to place such calls.

---

[2]   In his motion for class certification, Boise departs at times from the allegations in his Complaint, claiming instead that he received the calls on his "cellular telephone." Dkt. No. 26, at 3; *see also id.* at 7 (alleging that ACE made "unsolicited calls to cell phones"); *id.* at 9 (alleging that Boise "received unsolicited calls from Defendants on his cell phone"); *id.* at 12 (alleging that ACE makes "calls to wireless phones"). *But see id.* at 4–5 (alleging that Boise received calls from ACE on his "residential telephone"). Despite Boise's inconsistency, the factual allegations in his operative First Amended Complaint govern for present purposes. *See, e.g.*, *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam).

*Id.* ¶ 43 (quotation marks omitted). Boise seeks $500 in statutory damages ($1,500 trebled)[3] for each call, injunctive relief, pre-judgment and post-judgment interest, and attorneys' fees and costs. *Id.* at 15–16 (Prayer for Relief).

ACE has attempted to resolve this case by making an Offer of Judgment to Boise pursuant to Federal Rule of Civil Procedure 68. Ex. A.[4] The offer would fully satisfy all of Boise's own claims against ACE. In particular, ACE has offered to (1) pay Boise $1,503 for each phone call that Boise allegedly received from ACE (an amount that exceeds the maximum amount of statutory damages set by Congress); (2) pay Boise pre- and post-judgment interest; (3) pay all reasonable costs that Boise would recover if he were to prevail; and (4) stipulate to the entry of an injunction prohibiting it from the alleged wrongs. Ex. A at 1–2, 4–5.[5]

While Boise's fourteen days to accept the offer have not yet expired, ACE expects that Boise will refuse the offer, because shortly after the Supreme Court agreed to hear *Campbell-Ewald*, he filed a motion for class certification "solely" for the attempted purpose of avoiding the jurisdictional consequences of "a Rule 68 offer or individual settlement offer." Dkt. No. 26, at 1–2 & n.2. Boise does not seek a ruling by the Court on that motion; rather, he requests that the

---

[3] The TCPA provides for statutory damages of "up to $500 . . . for each . . . violation," which a court may treble in the event that the violation is "willful[]" or "knowing[]." 47 U.S.C. § 227(c)(5).

[4] Federal Rule of Civil Procedure 68 provides, in relevant part: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed. R. Civ. P. 68(a).

[5] ACE has not offered Boise attorneys' fees, however, because it is well established that the TCPA "does not provide for an award of attorneys' fees." *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, 2014 WL 7366255, at *3 (S.D. Fla. 2014); *accord Smith v. Markone Fin., LLC*, 2015 WL 419005, at *4 (M.D. Fla. 2015).

4

"Court stay briefing on the motion and provide [him] with sufficient time for discovery to further support and supplement this motion." *Id.* at 2; *accord id.* at 2 n.3 (promising to "amend this motion after completing discovery" in order to bring the motion into compliance with the Court's local rules).

## ARGUMENT

### I.  Boise Lacks Article III Standing To Pursue His Claims.

#### A.  Boise has not alleged a concrete injury in fact.

Boise lacks Article III standing to pursue his allegations of a technical, harmless violation of the TCPA. To establish standing (and thus federal jurisdiction) under Article III, a plaintiff bears the burden of showing that he

> (1) . . . has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000).

The injury-in-fact requirement is the "irreducible constitutional minimum" for standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Alleging a mere violation of a statute does not suffice to establish the requisite injury; because the injury-in-fact requirement "is a hard floor of Article III jurisdiction," it "cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). Indeed, it has long been "settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) (citing *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979)). Moreover, the Supreme Court has "always insisted on strict compliance with this jurisdictional standing requirement." *Id.* at 819. As the Court has recently cautioned, "[i]n an era of frequent litigation, class actions, sweeping injunctions with

5

prospective effect, and continuing jurisdiction to enforce judicial remedies, courts must be more careful to insist on the formal rules of standing, not less so." *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1449 (2011).

Accordingly, in order to establish injury, Boise must do more than merely allege a bare violation of the TCPA. He must also demonstrate that the alleged violation caused him "concrete and particularized" harm. *Friends of the Earth*, 528 U.S. at 180; *Lujan*, 504 U.S. at 560. Boise cannot meet that burden here. As he acknowledges, he did not even answer the allegedly offending calls or communicate with anyone from ACE. FAC ¶¶ 24–25, 30–31. Rather, all he alleges is that his phone rang and that he let it keep ringing until his answering machine picked up the call. *Id.* ¶¶ 23–24. The caller did not leave a message, and it was only through Boise's own Internet research that he learned that the calls were purportedly for advertising purposes. *Id.* ¶¶ 27–28. Someone who merely hears his phone ring—and who never actually answers the purported marketing call—cannot be said to have suffered a concrete injury-in-fact as a result of the call. Boise's general allegations that he "was annoyed" (*id.* ¶¶ 26, 33) by the very existence of the telephone calls amount to nothing more than a claim of "[a]bstract injur[y]" (*Doe v. Chao*, 540 U.S. 614, 626 (2004) (quotation marks omitted)) that falls short of demonstrating a concrete and tangible harm.

Thus, this case is a far cry from the recent decision in *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015), in which the Eleventh Circuit held that a business has standing to sue under the TCPA for receiving "junk faxes," even if it did not actually print or see the faxes. *Id.* at 1252–53. The rationale in *Palm Beach* was that the "occupation of Plaintiff's fax machine" rendered the machine "unavailable for legitimate business messages while processing . . . the junk fax"—and thus the plaintiff business had, in the Court's view, suffered a concrete

6

injury.  *Id.* at 1252 (alteration in original; quotation marks omitted).  Boise, by contrast, does not allege that his phone line was unavailable for use as a result of the alleged calls from ACE or that he wanted to use his phone for another purpose but could not do so.

In any event, the analysis in *Palm Beach* is in considerable tension with the Supreme Court's admonition that the injury-in-fact requirement "is a hard floor of Article III jurisdiction," which "cannot be removed by statute."  *Summers*, 555 U.S. at 497.  Quoting a comment from the Supreme Court's earlier decision in *Warth v. Seldin*, 422 U.S. 490, 500 (1975), the *Palm Beach* Court operated under the assumption that "'[t]he actual or threatened injury required by Art[icle] III may exist *solely* by virtue of statutes creating legal rights, the invasion of which creates standing.'"  781 F.3d at 1251 (emphasis added; alterations in original; some quotation marks omitted).  Thus, the *Palm Beach* Court found it dispositive for standing purposes that Congress "intended to protect citizens from the loss of the use of their fax machines during the transmission of fax data" and provided statutory damages to junk fax recipients.  *Id.* at 1252 (citing H.R. Rep. No. 102–317, at 10 (1991)).  As we explain in more detail below, the Supreme Court's upcoming decision in *Spokeo* may well undermine the Eleventh Circuit's analysis should the Court side with petitioner and hold that Congress cannot override Article III's case-or-controversy requirement—which binds federal courts—merely by authorizing an award of statutory damages.

      **B.**     **In the alternative, this Court should await the Supreme Court's upcoming decision in *Spokeo*.**

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This discretion is "incident to [a district court's] power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted).

The Supreme Court's agreement to hear *Spokeo* on the merits warrants the exercise of such discretion here. As the petition in *Spokeo* explains, the lower courts are deeply divided over "whether a statutory violation, unaccompanied by any concrete injury, is sufficient to establish Article III standing." Ex. B at 9–12. This issue has tremendous importance in the context of putative class actions like this one, in which the confluence of a no-injury theory of standing, statutory damages, and the class action device "means that enormous potential liability may result even though no one has suffered *any* concrete injury." *Id.* at 14. And while *Spokeo* is a putative class action alleging violations of the Fair Credit Reporting Act, the petition also explains that the question presented implicates claims brought under a wide range of federal statutes, including the TCPA. *Id.* at 16–19.

If the Supreme Court resolves the question presented in favor of Spokeo, that would likely be dispositive of the standing issue presented in this matter—and at a minimum would call into question much of the reasoning in the *Palm Beach Golf Center* case. And if the Supreme Court were to resolve the issue against Spokeo, that would likely make it unnecessary for this Court to address Article III standing and enable the Court instead to focus exclusively on the remaining issues in the case. Either way, judicial economy would be served by holding this case in abeyance pending the Supreme Court's decision.

Moreover, there is substantial precedent for granting a stay in precisely these circumstances. The Eleventh Circuit and other courts have routinely stayed proceedings in cases pending the Supreme Court's resolution of a related case in which *certiorari* has been granted. *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1247 (11th Cir. 2011) (noting that the court had previously "stayed its . . . proceedings" in the case "to await the Supreme Court's decision in *Vaden* [*v. Discover Bank*, 556 U.S. 49 (2009)], which raised a substantially similar jurisdictional

8

question"); *Assoc. for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005) (noting that the "appeal was stayed pending the Supreme Court's decision in *Tennessee v. Lane*"); *Colby v. Publix Super Mkts., Inc.*, 2012 WL 2357745, at *2–3 (N.D. Ala. 2012); *Bainbridge v. Tuter*, 2004 WL 5579425, at *1 (M.D. Fla. 2004); *Held v. Davis*, 778 F. Supp. 527, 528 (S.D. Fla. 1991); *Sierra Club v. Coca-Cola Corp.*, 673 F. Supp. 1555, 1557 (M.D. Fla. 1987); *Sigvarsten v. Smith Barney Harris Upham & Co.*, 1985 WL 8033, at *1 (M.D. Fla. 1985).[6] This Court should do the same.

## II. ACE's Offer Of Judgment Mooted Boise's Claims.

The doctrine of mootness also stems from Article III of the Constitution. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings," and the mootness doctrine ensures that parties "continue to have a personal stake in the outcome of the lawsuit" throughout its duration. *Spencer*, 523 U.S. at 7 (quotation marks omitted). Accordingly, "an actual controversy must be extant at all stages of review," and "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528–29 (2013) (assuming without deciding "that petitioners' Rule 68 offer mooted [the plaintiff's] individual claim").

---

[6] *Accord, e.g.*, *Anker v. Wesley*, 670 F. Supp. 2d 339, 341 (D. Del. 2009) (proceedings stayed after Supreme Court's grant of certiorari in relevant case); *Henderson v. Campbell*, 2007 WL 781966, at *3 (N.D. Cal. 2007) (same), *aff'd*, 322 F. App'x 551 (9th Cir. 2009); *Houlihan v. Sussex Tech. Sch. Dist.*, 461 F. Supp. 2d 252, 255 (D. Del. 2006) (same); *Odneal v. Dretke*, 435 F. Supp. 2d 608, 611 (S.D. Tex. 2006) (same), *rev'd in part on other grounds*, 324 F. App'x 297 (5th Cir. 2009) (per curiam); *Michael v. Ghee*, 325 F. Supp. 2d 829, 831–33 (N.D. Ohio 2004) (same); *Johns v. Evergreen Presbyterian Ministries, Inc.*, 826 F. Supp. 1050, 1051 (E.D. Tex. 1993) ("[T]he interests of justice, judicial economy and plain prudence compel the Court to stay this case until the Supreme Court renders its ruling in *Landgraf* [*v. USI Film Prods.*].").

ACE has made an offer of judgment to Boise pursuant to Federal Rule of Civil Procedure 68. It is ACE's position that, under *Genesis Healthcare*, if Boise fails to accept that offer of judgment despite the fact that it satisfies Boise's own claims—indeed, exceeds them—that offer would render his claims moot and preclude him from proceeding with his lawsuit in federal court—either on behalf of himself or a putative class. ACE acknowledges that the Eleventh Circuit has ruled to the contrary in *Stein v. Buccaneers Ltd. P'Ship*, 772 F.3d 698 (11th Cir. 2014). Because, in ACE's view, *Stein* cannot be squared with *Genesis Healthcare* and may be overturned by the Supreme Court's upcoming decision in *Campbell-Ewald*, ACE hereby preserves its argument that all of Boise's claims would be mooted by an unaccepted offer of judgment.

More importantly, the Court should await the resolution of *Campbell-Ewald*, which is on all fours with this matter. Like Boise, the plaintiff in *Campbell-Ewald* filed a putative class action alleging violations of the TCPA. *See* Ex. C at 2. And like ACE here, the defendant in *Campbell-Ewald* made a Rule 68 offer of judgment that would fully satisfy the plaintiff's own claims. *See id.* at 5–6, 52a–61a. What is more, the substance of the Rule 68 offers in this case and *Campbell-Ewald* are essentially equivalent:

- Both offer to pay the plaintiff $1,503 for each call or text message that allegedly violated the TCPA. Ex. A at 1; Ex. C at 53a.

- Both offer to pay the plaintiff for all reasonable costs—but not attorneys' fees—incurred by plaintiff to his attorneys. Ex. A at 2; Ex. C at 53a.

- Both stipulate to the entry of an injunction that would prohibit the defendant from committing the alleged wrongs. Ex. A at 2, 5; Ex. C at 53a, 55a–56a.

The only material difference between the two offers is that ACE, unlike the defendant in *Campbell-Ewald*, has *also* expressly offered to pay Boise pre- and post-judgment interest to the extent authorized by law—further ensuring that ACE's Rule 68 offer would fully satisfy Boise's claims. Ex. A at 2.

The legal issues that the Court agreed to decide in *Campbell-Ewald* are on all fours as well. As the petition indicates, the mootness issue presented to the Supreme Court has two important components, both of which are equally present here: (1) whether an unaccepted Rule 68 offer that would fully satisfy the plaintiff's claims renders the plaintiff's claim moot under Article III, and (2) the significance for Article III purposes of the individual plaintiff's desire to represent a putative class that has not been certified. *See* Ex. C at i, 13–23. The petition further explains that lower courts have reached conflicting results on both of these components, making the Supreme Court's intervention and clarification all the more important—and worth waiting for. *See id.* at 13–23; *see also Stein*, 772 F.3d at 703, 707–09 (acknowledging the circuit conflict on both issues and the "tension" between the Eleventh Circuit's approach and the Supreme Court's decision in *Genesis Healthcare*).

Boise might argue that this case is different from *Campbell-Ewald* on the theory that his filing of a placeholder class certification motion (Dkt. No. 26) permits him to avoid the jurisdictional consequences of ACE's Rule 68 offer of judgment. That is incorrect; if the Supreme Court agrees with the petitioners in *Campbell-Ewald*, it will not matter if a plaintiff like Boise has moved for class certification prior to the offer of judgment. That is because the second question that the Supreme Court granted review to decide is whether a case becomes moot "when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief ***before any class is certified***"—***not*** before a plaintiff moves for class certification. Ex. C at i (emphasis added). As the Supreme Court has already explained, a putative class only "acquire[s] an independent legal status" "*after* the class has been duly certified"—or should have been certified "but for the district court's erroneous denial of class certification."

11

*Genesis Healthcare*, 133 S. Ct. at 1530 (citing *Sosna v. Iowa*, 419 U.S. 393, 399 (1975), and *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 & n.11 (1980)).

In fact, it is hard to imagine a reason why the placeholder motion filed by Boise should make any difference, since it adds nothing to the class allegations in the First Amended Complaint. As Boise concedes, the motion was "filed solely" in an attempt to avoid Rule 68; he does not seek a ruling on the motion now, but rather asks the Court to "stay briefing" and provide him with "discovery to further support and supplement th[e] motion." Dkt. No. 26, at 1–2 & n.2. In other words, the motion does little more than state Boise's interest in representing a class—an interest that was already apparent from the Complaint itself. *See* FAC ¶¶ 43–62.

Should this case proceed to the merits now, only to have the Supreme Court later rule that Boise's claims were mooted by ACE's Rule 68 offer of judgment, all of the time and effort of the parties and this Court will have been for naught. Judicial economy would best be served by holding this case in abeyance pending the Supreme Court's decision in *Campbell-Ewald* as well.

## CONCLUSION

The complaint against ACE should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, the Court should stay this case pending the Supreme Court's resolution of *Spokeo* and *Campbell-Ewald*.

Date: May 29, 2015                                    Respectfully submitted,

                                                                                    /s/Daniel Cruz
                                                                                 Daniel Cruz, Esq.
                                                                                 BROWN SIMS

        9130 South Dadeland Blvd.
Suite 1600
Miami, Florida 33156
Tel:  (305) 274-5507
Fax:  (305) 274-5517
dcruz@brownsims.com

Matthew D. Ingber (*pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 506-2500
Fax:  (212) 262-1910
mingber@mayerbrown.com

Archis A. Parasharami (*pro hac vice*)
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
Tel:  (202) 263-3000
Fax:  (202) 263-3300
aparasharami@mayerbrown.com

*Attorneys for Defendant ACE American Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that on this 29th day of May, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of the filing to the attorneys on that system.

>Jarrett L. Ellzey
>William Craft Hughes
>Hughes Ellzey, LLP
>2700 Post Oak Blvd.
>Suite 1120
>Houston, TX 77056
>(888) 350-3931
>jarrett@hughesellzey.com
>craft@hughesellzey.com
>
>Benjamin Hans Crumley
>Crumley & Wolfe, P.A.
>2254 Riverside Ave.
>Jacksonville, FL 32204
>(904) 374-0111
>ben@cwbfl.com

      /s/Daniel Cruz
Daniel Cruz