UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:15-cv-21264-MGC

JUSTIN MARK BOISE,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

ACE AMERICAN INSURANCE
COMPANY, and ACE USA, INC.,

        Defendants.
_____

**DEFENDANT ACE AMERICAN INSURANCE COMPANY'S
REPLY IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS
OR IN THE ALTERNATIVE TO STAY**

    Daniel Cruz, Esq.
    BROWN SIMS
    9130 South Dadeland Blvd.
    Suite 1600
    Miami, Florida 33156
    (305) 274-5507

    Matthew D. Ingber (*pro hac vice*)
    MAYER BROWN LLP
    1221 Avenue of the Americas
    New York, New York 10020
    (212) 506-2500

    Archis A. Parasharami (*pro hac vice*)
    MAYER BROWN LLP
    1999 K Street N.W.
    Washington, D.C. 20006
    (202) 263-3000

    *Attorneys for Defendant ACE
    American Insurance Company*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

    A.    Boise Lacks Article III Standing Because He Has Not Alleged A Concrete Injury In Fact ........................................................................................... 2

    B.    In The Alternative, A Stay Is Appropriate Pending The Supreme Court's Resolution Of Two Threshold Jurisdictional Questions That Bear Directly On This Case ............................................................................................. 4

CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**CASES**

*Allen v. Wright*,
    468 U.S. 737 (1984) ............................................................................................................ 3

*AT&T Mobility LLC v. Concepcion*,
    131 S. Ct. 1740 (2011) ................................................................................................ 5, 6, 9

*Brent v. Source Interlink Distrib., LLC*,
    2014 WL 4162770 (M.D. Fla. Aug. 21, 2014) .................................................................... 7

*Cannon v. United States*,
    2007 WL 4616281 (S.D. Fla. Oct. 16, 2007) ...................................................................... 7

*Cardenas v. AmeriCredit Fin. Servs., Inc.*,
    2011 WL 846070 (N.D. Cal. Mar. 8, 2011) ........................................................................ 5

*Cuadras v. MetroPCS Wireless, Inc.*,
    2011 WL 227591 (C.D. Cal. Jan. 21, 2011) .................................................................... 5, 9

*Doe v. Chao*,
    540 U.S. 614 (2004) ............................................................................................................ 3

*In re Fundamental Long Term Care, Inc.*,
    509 B.R. 387 (Bankr. M.D. Fla. 2014) ............................................................................... 7

*Green v. Roberts*,
    2010 WL 5067442 (S.D. Ala. Dec. 6, 2010) ....................................................................... 7

*Hilton v. Braunskill*,
    481 U.S. 770 (1987) ............................................................................................................ 7

*Homa v. Am. Express Co.*,
    2010 WL 4116481 (D.N.J. Oct. 18, 2010) ....................................................................... 5, 8

*In re Apple iPhone 3G & 3GS MMS Mktg. & Sales Practices Litig.*,
    864 F. Supp. 2d 451 (E.D. La. 2012) .................................................................................. 6

*In re Monitronics Int'l, Inc. Tel. Consumer Prot. Act Litig.*,
    No. 1:13-md-2493 (N.D. W.Va. June 17, 2015) ............................................................. 2, 6

*Jones v. United States*,
    2008 WL 2594684 (S.D. Fla. May 12, 2008) ..................................................................... 7

*Kaplan v. AT&T Mobility, LLC*,
    2010 WL 4774790 (C.D. Cal. Sept. 27, 2010) ................................................................ 6, 9

## TABLE OF AUTHORITIES
continued

Page(s)

*King Cole Condo. Ass'n v. QBE Ins. Corp.*,
  2010 WL 3212091 (S.D. Fla. Aug. 12, 2010) ................................................................. 7

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ........................................................................................................ 7

*Lopez v. Heckler*,
  713 F.2d 1432 (9th Cir. 1983) ........................................................................................ 9

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .................................................................................................... 2, 3

*McArdle v. AT&T Mobility LLC*,
  2010 WL 2867305 (N.D. Cal. July 20, 2010) ............................................................... 10

*Mey v. Frontier Commc'ns Corp.*,
  No. 3:13-cv-01191 (D. Conn. May 26, 2015) ............................................................. 2, 6

*Moorman v. Unumprovident Corp.*,
  2005 WL 6074572 (N.D. Ga. Feb. 17, 2005), *aff'd*, 464 F.3d 1260 (11th Cir.
  2006) ............................................................................................................................... 9

*Palm Beach Golf Center-Boca, Inc. v. Sarris*,
  781 F.3d 1245 (11th Cir. 2015) ................................................................................. 3, 4

*Raines v. Byrd*,
  521 U.S. 811 (1997) ........................................................................................................ 3

*Schwab v. Sec'y, Dep't of Corr.*,
  507 F.3d 1297 (11th Cir. 2007) (per curiam) ............................................................... 4

*Speer v. Whole Food Market Group, Inc.*,
  2015 WL 2061665 (M.D. Fla. Apr. 29, 2015) ............................................................... 6

*Stein v. Buccaneers Ltd. P'Ship*,
  772 F.3d 698 (11th Cir. 2014) ....................................................................................... 4

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ........................................................................................................ 3

*Sutherland v. Ernst & Young LLP*,
  856 F. Supp. 2d 638 (S.D.N.Y. 2012) ........................................................................... 9

*Syed v. M-I LLC*,
  2015 WL 3630310 (E.D. Cal. May 29, 2015) ............................................................ 2, 6

## TABLE OF AUTHORITIES
## continued

**Page(s)**

*United States v. Hill*,
    643 F.3d 807 (11th Cir. 2011) ...................................................................................................9

*Vernon v. Qwest Commc'ns Int'l, Inc.*,
    857 F. Supp. 2d 1135 (D. Colo. 2012)......................................................................................6

*Williams v. Elephant Ins. Co.*,
    2015 WL 3631691 (E.D. Va. May 27, 2015) .......................................................................2, 6

**RULES**

Fed. R. App. P. 8(a) ........................................................................................................................7

Fed. R. Civ. P. 12(b)(1)..................................................................................................................10

## INTRODUCTION

Boise appears to concede that the Supreme Court, by granting certiorari in *Spokeo v. Robins* and *Campbell-Ewald Co. v. Gomez*, has agreed to resolve not one, but *two* threshold jurisdictional issues that bear directly on whether this case may proceed at all. Specifically, the Supreme Court will decide whether the allegation of a bare statutory violation unaccompanied by concrete harm suffices to establish Article III standing (*Spokeo*); as well as whether the claims of a named plaintiff in a putative class action are rendered moot by a Rule 68 offer of judgment that fully satisfies his own individual claims (*Campbell-Ewald*).

Because Boise cannot distinguish these cases from his own, Boise's principal objection to a stay rests on the observation that the Supreme Court's decision to hear a case is not itself an indication of how the Court will eventually rule on the merits. *See* Pl.'s Opp. to Mot. to Dismiss or for a Stay ("Opp."), Dkt. No. 32, at 1–2, 10. But Boise's argument misses the point entirely. The reason that a stay pending the Supreme Court's resolution of a related case—here, two such cases—makes sense is not to prejudge the case's outcome, but rather to allow the Court to avoid the potential waste of time and resources (both the Court's and the parties') that would result from continuing to preside over litigation while the outcome in the Supreme Court remains uncertain.

These concerns are especially substantial here, because the jurisdictional issues before the Supreme Court bear on this Court's very power to hear Boise's claims in the first place. Should this case be litigated on the merits, only to have the Supreme Court later issue a ruling in either *Spokeo* **or** *Campbell-Ewald* compelling this Court to hold that it lacks jurisdiction over Boise's claims, all of the time and effort expended by this Court and the parties will have been for naught. If Boise's claims are not dismissed for lack of standing now, judicial economy would best be

served by holding this case in abeyance pending the Supreme Court's potentially dispositive resolution of the threshold jurisdictional issues presented here.

Indeed, at least two judges faced with nearly identical claims under the TCPA have recognized the significance of the Supreme Court's grants of review in *Campbell-Ewald* and *Spokeo* and have entered stays pending the outcome of one or both of those cases.  *See Williams v. Elephant Ins. Co.*, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015) (entering stay pending outcome of *Spokeo* and *Campbell-Ewald*); Order, Dkt. No. 118, *Mey v. Frontier Commc'ns Corp.*, No. 3:13-cv-01191 (D. Conn. May 26, 2015) (attached as Exhibit A) (docket entry noting that the court will be entering a stay as to further litigation against the defendant pending the outcome of *Campbell-Ewald*).[1]  And in other cases, including a major TCPA multi-district litigation, the parties themselves have recognized that a stay is warranted and proposed stipulations to that effect—and the courts have approved of such stipulations.  *See* Order Staying Case, Dkt. No. 462, *In re Monitronics Int'l, Inc. Tel. Consumer Prot. Act Litig.*, No. 1:13-md-2493 (N.D. W.Va. June 17, 2015) (attached as Exhibit B); *Syed v. M-I LLC*, 2015 WL 3630310, at *1 (E.D. Cal. May 29, 2015).

## ARGUMENT

### A. Boise Lacks Article III Standing Because He Has Not Alleged A Concrete Injury In Fact.

As ACE discussed in its motion (at 5–7), Boise has failed to allege that he suffered any concrete injury in fact—what the Supreme Court has deemed the "irreducible constitutional minimum" of standing (*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992))—as a result of

---

[1] The court in *Mey* permitted only limited discovery involving third parties to proceed while halting any discovery or further proceedings against the defendant itself.  *See* Joint Status Report at 3–4, Dkt. No. 120, *Mey v. Frontier Commc'ns Corp.*, No. 3:13-cv-01191 (D. Conn. June 1, 2015).

2

phone calls that he never even answered. In response, Boise relies on the Eleventh Circuit's decision in *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015), to support his theory that Article III standing is satisfied because ACE purportedly "violated the rights Congress intended to be protected under the TCPA." Opp. 7–9.

But Boise fails entirely to address ACE's explanation why this case is nothing like *Palm Beach*. In that "junk fax" case, the requisite concrete harm was found in the fact that the business plaintiff's fax line was clogged by the junk faxes, rendering the plaintiff's fax machine "unavailable for legitimate business messages." *Palm Beach*, 781 F.3d at 1252 (quotation marks omitted); Mot. 6–7. Here, by contrast, Boise does not allege that he wanted to use his phone for another purpose but could not do so. Instead, he claims that his general allegations that he was "annoyed" by the calls' very existence and that he had the abstract and subjective desire for ACE to "stop calling" are themselves injuries in fact. Yet the Supreme Court has repeatedly held that an injury in fact must reflect concrete, tangible harm—the kinds of abstract or speculative grievances Boise raises will not suffice. *See, e.g.*, *Doe v. Chao*, 540 U.S. 614, 625–26 (2004); *Raines v. Byrd*, 521 U.S. 811, 819, 829 (1997); *Lujan*, 504 U.S. at 560; *Allen v. Wright*, 468 U.S. 737, 752 (1984).

Boise's argument ultimately rests on his interpretation of *Palm Beach* as departing from the Supreme Court's oft-repeated understanding of the injury-in-fact requirement as well as the Court's admonition that this requirement "is a hard floor of Article III jurisdiction" that "cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). As we have explained, the circumstances in *Palm Beach* are readily distinguishable, and therefore Boise's lawsuit can be dismissed for lack of standing. But even if Boise were correct in his interpretation

3

of *Palm Beach*, that would only provide greater reason to wait for the Supreme Court's upcoming guidance in *Spokeo*.

> **B.** **In The Alternative, A Stay Is Appropriate Pending The Supreme Court's Resolution Of Two Threshold Jurisdictional Questions That Bear Directly On This Case.**

Boise resists ACE's request for a stay, *see* Opp. 9–12, but he does not—and indeed could not—dispute that the Supreme Court will be addressing threshold jurisdictional issues relevant to this case in *Spokeo* and *Campbell-Ewald*. *See* Mot. 7–12. Indeed, it is telling that Boise *does not deny* that—as ACE has shown (Mot. 10–12)—*Campbell-Ewald* is on all fours with this case. He instead devotes a substantial portion of his opposition to expressing his views about why the respondent in *Campbell-Ewald* should win under the line of reasoning endorsed by the Eleventh Circuit in *Stein v. Buccaneers Ltd. P'Ship*, 772 F.3d 698 (11th Cir. 2014). *See* Opp. 12–19.[2] But the outcome of *Campbell-Ewald* is, of course, for the Supreme Court to decide.

The question then boils down whether a stay is appropriate pending the outcome of these undisputedly relevant Supreme Court cases. None of Boise's remaining objections to a stay have merit.

**1.** Boise first contends that cases should never be stayed based "on a grant of certiorari," because "'the grant of certiorari on an issue does not suggest a view on the merits.'" Opp. 10 (quoting *Schwab v. Sec'y, Dep't of Corr.*, 507 F.3d 1297, 1299 (11th Cir. 2007) (per curiam) (alterations omitted)). But that argument proves too much: While Boise is of course correct that the Supreme Court has yet to rule on the merits of either *Spokeo* or *Campbell-Ewald*, he fails to appreciate that the grants of certiorari signify that the Supreme Court *will decide* the

---

[2] Indeed, it is remarkable that Boise spends seven pages addressing a point that ACE has already acknowledged—*i.e.*, that the Eleventh Circuit has taken a similar approach to the Ninth Circuit in *Campbell-Ewald* on the Rule 68 issue now before the Supreme Court. *See* Mot. 10 (citing *Stein*).

4

merits of the jurisdictional issues presented in those cases in the near future—and those decisions will unquestionably bind this Court. Boise does not dispute that if the defendant in either case prevails in the Supreme Court, then his lawsuit cannot proceed in this Court. There is no reason to risk a potentially massive waste of judicial resources before the Supreme Court rules.

In fact, numerous courts have recognized that very point. Boise does not even attempt to respond to the cases that we cited in which the Eleventh Circuit and courts across the country entered stays once the Supreme Court granted certiorari to decide a relevant issue. *See* Mot. 8–9 & n.6. If anything, the case for a stay is even stronger here, as the Supreme Court has granted review in *two* cases, not just one, and the issues it will be deciding are fundamental jurisdictional issues that will determine whether this case may proceed at all—as opposed to merely clarifying an isolated aspect of the relevant law on the merits.

In addition, the decisions of an overwhelming majority of courts that entered stays pending the outcome of *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), are particularly instructive. The grant of certiorari in *Concepcion* promised to clarify whether the Federal Arbitration Act preempts state law rules that operated to invalidate consumer arbitration agreements and thus allowed consumers who had agreed to arbitrate to nonetheless litigate their claims in court instead. Court after court, recognizing that the decision in *Concepcion*—much like the upcoming decisions in *Spokeo* and *Campbell-Ewald*—would resolve the threshold question of whether the plaintiffs before them belonged there at all, entered stays once the Supreme Court agreed to hear *Concepcion*. *See, e.g.*, *Cardenas v. AmeriCredit Fin. Servs., Inc.*, 2011 WL 846070, at *3–*5 (N.D. Cal. Mar. 8, 2011) (holding that the "orderly course of justice" and "balance of harms" favored a stay pending *Concepcion*); *Cuadras v. MetroPCS Wireless, Inc.*, 2011 WL 227591, at *2 (C.D. Cal. Jan. 21, 2011) (collecting cases granting stays pending a decision in *Concepcion*, and noting that "the weight of authority appears to be decidedly in favor of granting such stays"); *Homa v. Am. Express Co.*, 2010 WL 4116481, at *8 (D.N.J. Oct. 18, 2010)

5

(explaining that "[a]dvancing this litigation while" *Concepcion* is pending "may be an exercise in futility"); *Kaplan v. AT&T Mobility, LLC*, 2010 WL 4774790, at *1 (C.D. Cal. Sept. 27, 2010) (recognizing that "potential prejudice to the plaintiffs by delay" is "far outweighed by the potential prejudice to defendants that would result from the expense of litigating these claims," and that the "public interest in the preservation of judicial resources also weighs in favor of staying the case"); *see also, e.g.*, *In re Apple iPhone 3G & 3GS MMS Mktg. & Sales Practices Litig.*, 864 F. Supp. 2d 451, 455 (E.D. La. 2012) (noting that the court had previously stayed the case pending the outcome of *Concepcion*); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1140 (D. Colo. 2012) (same).

What is more, a clear trend is emerging among the federal courts that have in recent weeks considered requests for stays pending the outcomes in *Spokeo* and *Campbell-Ewald*: By and large, the courts are granting such requests. *See Williams v. Elephant Ins. Co.*, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015); Order, Dkt. No. 118, *Mey v. Frontier Commc'ns Corp.*, No. 3:13-cv-01191 (D. Conn. May 26, 2015); Order Staying Case, Dkt. No. 462; *In re Monitronics Int'l, Inc. Tel. Consumer Prot. Act Litig.*, No. 1:13-md-2493 (N.D. W.Va. June 17, 2015); *Syed v. M-I LLC*, 2015 WL 3630310, at *1 (E.D. Cal. May 29, 2015).[3]

**2.** Boise next objects that—despite the overwhelming weight of authority supporting a stay under these circumstances—ACE cannot satisfy the four factors courts often consider to guide their discretion in determining whether to grant a stay pending appeal. *See* Opp. 11–12 & n.36

---

[3]   Boise instead relies (Opp. 1 & n.4) on what appears to be an outlier that predates all of these other decisions: the decision in *Speer v. Whole Food Market Group, Inc.*, 2015 WL 2061665 (M.D. Fla. Apr. 29, 2015), to deny a stay pending *Spokeo*. The court in *Speer*, however, made the same error that Boise does. It concluded that a stay is *never* warranted when the Supreme Court has granted certiorari but has not yet decided the case under review. *See id.* at *1. That restrictive approach cannot be squared with the numerous cases that we have cited to the contrary; nor, in any event, did the court in *Speer* have occasion to consider the issue whether a stay would be appropriate in light of *Campbell-Ewald*.

(citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).[4]  This objection to a stay is equally misplaced, because each of those factors is readily satisfied here.

*Substantial Questions.*  To begin with, the Supreme Court's decision to grant certiorari in *Spokeo* and *Campbell-Ewald* plainly demonstrates that those cases present "serious questions." Opp. 11.  The point of the first *Hilton* factor is to caution courts not to stay proceedings pending an insubstantial appeal.  *See, e.g.*, *In re Fundamental Long Term Care, Inc.*, 509 B.R. 387, 398 (Bankr. M.D. Fla. 2014); *King Cole Condo. Ass'n v. QBE Ins. Corp.*, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010).  But that concern has no application whatsoever when the Supreme Court agrees to hear a case—the fact that the Supreme Court has granted certiorari means that the

---

[4] There is reason to doubt that the four-factor *Hilton* test applies here.  *Hilton* described the factors relevant to the issuance of a stay pending an appeal in the *same case*—not pending the Supreme Court's resolution of a separate appeal.  *See* 481 U.S. at 776 (citing Fed. R. App. P. 8(a)). In this latter context, courts have often articulated three factors "governing when it is appropriate to grant a stay pending the resolution of a claim in another forum":

> 1) whether the petitioner is able to demonstrate a clear hardship or inequity if the action were to move forward; 2) the injury, if any, to the respondent; and 3) the effect of the stay on the public interest, including the "judiciary's interest in efficiency, economy, and fairness."

*Jones v. United States*, 2008 WL 2594684, at *1 (S.D. Fla. May 12, 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)); *accord Cannon v. United States*, 2007 WL 4616281, at *2 (S.D. Fla. Oct. 16, 2007).

But no matter how the factors guiding a court's exercise of discretion whether to grant a stay are described, they inevitably focus on the balance of harms and the importance of judicial economy and efficiency.  *See, e.g.*, *Brent v. Source Interlink Distrib., LLC*, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014) ("In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court."); *Green v. Roberts*, 2010 WL 5067442, at *2 (S.D. Ala. Dec. 6, 2010) ("[D]istrict courts have considered such factors as: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.") (quotation marks and alterations omitted).

7

issues presented are unquestionably "serious"—as the Court grants review only in cases of consequence.

*Balance of Harms.* Defendants will be irreparably harmed by being forced to litigate this case if this Court ultimately lacks jurisdiction. Indeed, a stay would benefit all of the parties, and the Court, by saving them from the burden of potentially unnecessary litigation. Specifically, all of the time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules either that plaintiffs like Boise lack Article III standing *or* that Boise's claims are moot (or both).

These litigation burdens are far from hypothetical. Boise has already served ACE with substantial—and onerous—discovery requests, including 39 requests for admission, 19 interrogatories, and *95* requests for the production of documents (many of which have multiple subparts). Moreover, these requests seek documents and information dating back nearly two years, and they cover a sweeping array of topics. Yet the burden and expense ACE will face to collect, search, and produce such documents—and the burden it will place on the Court to adjudicate related discovery motions when disputes over these numerous and far-reaching requests inevitably arise—will have all been needlessly incurred if this Court lacks jurisdiction in the first place.

On the other side of the ledger, Boise will suffer no comparable harm if the Court were to grant a brief stay. At most, he will experience a modest delay in recovering damages should he ultimately prevail on his claims. Yet this modest harm cannot compare to the unjustifiable waste of time and money that would result from litigating this case before the Supreme Court decides whether this case is even permissible. *See, e.g.*, *Homa*, 2010 WL 4116481, at *9 ("Although Plaintiff will suffer a delay in the prosecution of his case, the benefits of a continuance pending the outcome of *Concepcion* outweigh the costs" because "[t]he Supreme Court's decision may

obviate the need for any further litigation in this case"); *Kaplan*, 2010 WL 4774790, at *1 ("While the Court recognizes the potential prejudice to the plaintiffs by delay, it finds that prejudice to be far outweighed by the potential prejudice to defendants that would result from the expense of litigating these claims.").

Boise protests that "there is no possible way to assess whether a stay is warranted" on the theory that ACE is requesting a stay of "immoderate" and "uncertain" duration. Opp. 11–12. That is nonsense. The requested stay has a clearly defined endpoint: when the Supreme Court decides *Spokeo* and *Campbell-Ewald*. And that will happen within twelve months or less—not years. The Supreme Court will be hearing argument on both cases in the fall, and will decide them in its upcoming term.

*Public Interest*. Finally, and for similar reasons, a stay would further the "public interest in judicial economy and efficiency." *Moorman v. Unumprovident Corp.*, 2005 WL 6074572, at *11 (N.D. Ga. Feb. 17, 2005), *aff'd*, 464 F.3d 1260 (11th Cir. 2006); *cf. United States v. Hill*, 643 F.3d 807, 828 (11th Cir. 2011) (recognizing "the public's interest in judicial economy and efficiency" in the context of whether or not to grant joint trials) (quotation marks omitted). After all, "considerations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012). Thus, the balance of hardships tips decidedly in favor of granting a stay, and when "the public interest is included, that balance is overwhelming." *Lopez v. Heckler*, 713 F.2d 1432, 1438 (9th Cir. 1983); *accord, e.g.*, *Cuadras*, 2011 WL 227591, at *2 ("The public interest in the preservation of judicial resources also weighs in favor of staying the case [pending *Concepcion*]."); *Kaplan*, 2010 WL 4774790, at *1 (same); *McArdle v. AT&T Mobility LLC*, 2010 WL 2867305, at *4 (N.D. Cal. July 20, 2010) (same).

9

## CONCLUSION

The complaint against ACE should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, the Court should stay this case pending the Supreme Court's resolution of *Spokeo* and *Campbell-Ewald*.

Date: June 25, 2015

Respectfully submitted,

   */s/Daniel Cruz*
Daniel Cruz, Esq.
BROWN SIMS
9130 South Dadeland Blvd.
Suite 1600
Miami, Florida 33156
Tel: (305) 274-5507
Fax: (305) 274-5517
dcruz@brownsims.com

Matthew D. Ingber (*pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 506-2500
Fax: (212) 262-1910
mingber@mayerbrown.com

Archis A. Parasharami (*pro hac vice*)
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
Tel: (202) 263-3000
Fax: (202) 263-3300
aparasharami@mayerbrown.com

*Attorneys for Defendant ACE American Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of June, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of the filing to the attorneys on that system.

> Jarrett L. Ellzey
> William Craft Hughes
> Hughes Ellzey, LLP
> 2700 Post Oak Blvd.
> Suite 1120
> Houston, TX 77056
> (888) 350-3931
> jarrett@hughesellzey.com
> craft@hughesellzey.com
>
> Benjamin Hans Crumley
> Crumley & Wolfe, P.A.
> 2254 Riverside Ave.
> Jacksonville, FL 32204
> (904) 374-0111
> ben@cwbfl.com

      */s/Daniel Cruz*
      Daniel Cruz