# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-Civ-21264-COOKE/TORRES

JUSTIN MARK BOISE,
individually and on behalf of all others
similarly situated,

      Plaintiff,

v.

ACE USA, INC. and ACE AMERICAN
INSURANCE COMPANY,

      Defendants.

_____/

## <u>OMNIBUS ORDER</u>

This matter is before the Court on Defendant ACE American Insurance Company's ("ACE") Motion to Dismiss or in the Alternative to Stay (the "Motion to Dismiss"), (ECF No. 29), and Plaintiff's Motion for Class Certification and to Stay Briefing Pending Completion of Discovery (the "Motion for Class Certification"), (ECF No. 26). The Motion to Dismiss has been fully briefed, (ECF Nos. 32, 35), and Defendant responded to Plaintiff's Motion for Class Certification, (ECF No. 31). After reviewing the pleadings, the record, and the relevant legal authorities, I am denying Defendant's Motion to Dismiss, but granting its Motion to Stay. I am also denying Plaintiff's Motion for Class Certification, without prejudice, so that Plaintiff can re-file for certification pending completion of discovery, if and when proceedings resume.

## I.      BACKGROUND

Plaintiff, Justin Mark Boise, alleges that he received two unsolicited telephone calls from Defendant, ACE, in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and demands statutory damages and an injunction requiring Defendant to cease all unsolicited calls to consumers. (Compl. ¶ 3). Plaintiff alleges that he did not provide Defendant with prior express written consent

to call his telephone and that he did not have a business relationship with Defendant at the time of the calls. (*Id.* at ¶ 2).

Plaintiff seeks to represent a nationwide class of persons who, like him, are registered on the Do Not Call Registry ("DNC") and have received more than one unsolicited phone call from or on behalf of Defendant. (*Id.* at ¶ 42). Specifically, Plaintiff seeks a hybrid class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). (*Id.*). On May 20, 2015, Plaintiff filed a Motion for Class Certification. (ECF No. 26). Plaintiff attempted to certify at an early stage, before the completion of discovery, in order to avoid being "picked off" by an offer of judgment under Fed. R. Civ. P. 68. (*Id.* at 1). A putative class representative is "picked off" when a defendant's offer of judgment renders the representative's claims moot and thereby subject to dismissal.

On May 26, 2015, Defendant made an offer of judgment to Plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure. (ECF No. 29, Ex. A). The offer extended only to Plaintiff and expressly excluded any class members. (*Id.*). Defendant now moves to dismiss Plaintiff's claims as mooted by the Rule 68 offer and also as insufficient to confer Plaintiff with Article III standing. (ECF No. 29). Alternatively, Defendant asks the Court to stay proceedings pending two cases in front of the United States Supreme Court. (*Id.*). In Defendant's view, these cases may ultimately control the standing and mootness issues presented here and, if decided in Defendant's favor, dispose of Plaintiff's claims.

## II.   LEGAL STANDARDS

### A. Motion to Dismiss

A federal district court must not adjudicate a case over which it does not have subject matter jurisdiction. *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction). Because a federal court is powerless to act beyond its subject matter jurisdiction, the court must "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2002).

A Rule 12(b)(1) motion to dismiss encompasses challenges based on both lack of subject matter jurisdiction and lack of standing. Fed.R.Civ.P. 12(b)(1); *Stalley v.*

*Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir.2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction . . . ."). Thus a court cannot hear a claim that a plaintiff does not have standing to bring. *See Valley Forge Christian Coll. v. Am. United for Separation of Church & State,* 454 U.S. 464 (1982). Nor can a court adjudicate a mooted claim or, in other words, one that "no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.,* 225 F.3d 1208, 1217 (11th Cir.2000) (citations and internal quotation marks omitted).

### B.  Motion to Stay Proceedings

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Communications, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000). Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions. *See Clinton,* 520 U.S. at 706; *see also American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.,* 743 F.2d 1519, 1525 (11th Cir. 1984). In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest. *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987). "Stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *CTI-Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982) (internal citations omitted).

### C.  Motion for Class Certification

In order to obtain class certification, a putative representative must demonstrate that a proposed class meets the four general requirements set forth in Rule 23(a) of the Federal Rules of Civil Procedure. Fed.R.Civ.P 23(a); *Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir. 1984). The requirements are as follows: (1) the class is so numerous that joinder of all members is impracticable [numerosity], (2)

there are questions of law or fact common to the class [commonality], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality], and (4) the representative parties will fairly and adequately protect the interests of the class [adequacy of representation]. Fed.R.Civ.P 23(a); *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 (11th Cir. 1992). A plaintiff bears the burden of meeting these elements with factual content, not overly broad, indefinite, or vague statements. *Bennet v. Hayes Robertson Group,* 880 F. Supp. 2d 1270, 1277 (2012). In addition to satisfying the baseline requirements of Rule 23(a), a proposed class must also satisfy one of the subsections of Fed.R.Civ.P. 23(b). *See Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 (5th Cir. 2005).

### III.   ANALYSIS

#### A. Article III Standing

"Article III of the Constitution confines the reach of federal jurisdiction to 'Cases' and 'Controversies.'" *Alabama–Tombigbee Rivers Coal. v. Norton,* 338 F.3d 1244, 1252 (11th Cir. 2003). To establish Article III standing, a plaintiff must demonstrate an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms,* 130 S. Ct. 2743, 2752 (2010). "Congress may create a statutory right or entitlement[,] the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute." *Warth v. Seldin,* 422 U.S. 490 (1975) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 617 n.3 (1973)); *cf. Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute.").

*Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015) forecloses Defendant's argument that Plaintiff lacks Article III standing to bring his claims. In *Palm*, the Eleventh Circuit determined that a business suffered a concrete injury sufficient for Article III standing when it received an unsolicited fax advertisement in violation of the TCPA. *Id.* There, the plaintiff could prove only that there were incoming fax transmissions on its business line, but not that faxes actually printed. *Id.* at 1249. On appeal, the Eleventh Circuit explained that "where a statute

4

confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person *as a result of the violation of the newly created legal rights*." *Id.* at 1251 (emphasis added). According to the Eleventh Circuit, the TCPA creates "such a cognizable right." *Id.* at 1252.

Defendant attempts to distinguish *Palm*, arguing the plaintiff there suffered a concrete injury because the unsolicited fax interfered with its legitimate business enterprise, whereas Plaintiff here alleges no such injurious interference. (ECF No. 29, pp. 6-7). This argument misses the mark. First, in referring to the legislative history of the TCPA, the Eleventh Circuit explained what Congress saw as the *intrinsic* harms of unsolicited faxes: "[i]t is clear from the legislative history of the statute that the TCPA's prohibition against sending unsolicited fax advertisements was intended to protect citizens from the loss of the use of their fax machines during the transmission of fax data." *Palm,* 781 F.3d at 1252. But the plaintiff in *Palm* may not have actually lost incoming business messages (there is no way to tell since the line was occupied). What mattered was only that its line was occupied as a result of the defendant's conduct, which violated the TCPA. *Id.* at 1251.

Congress saw intrinsic harms in unsolicited calls, too, not just in unsolicited faxes:

> AUTOMACT DIALING SYSTEMS [:] . . . Once a phone connection is made, automatic dialing systems can 'seize' a recipient's telephone line and not release it until the prerecorded message is played, even when the called party hangs up. This capability makes these systems not only intrusive, but, in an emergency, potentially dangerous as well.

H.R. REP. 102-317, at 10 (1991). Thus, Mr. Boise does not need to "allege that he wanted to use his phone for another purpose but could not do so." (ECF No. 35, p. 3). To establish standing, Mr. Boise needs to allege only that his line was occupied by an unsolicited call in violation of the TCPA. The statute presumes that the violation was "intrusive" and "potentially dangerous," and accordingly includes a private right of action to rectify the harm. 47 U.S.C. § 227(b)(3); H.R. REP. 102-317 at 10 (1991).

Nevertheless, Defendant attempts to circumvent the baseline proposition of *Palm*, which is that an invasion of any statutory right established by the TCPA is itself a concrete harm. 781 F.3d at 1285. Whether there was an unsolicited fax or a call, to a business or to an individual, does not affect the TCPA standing analysis, so long as the statute explicitly prohibits the conduct. *Id.*; *see also Soulliere v. Cent. Florida Inv., Inc.,* No. 8:13-CV-2860-T-27AEP, 2015 WL 1311046, at *7 (M.D. Fla. Mar. 24, 2015) (noting that "a number of district courts have held that a cell phone user has standing to assert a cause of action under the TCPA"). Here, Plaintiff alleges conduct amounting to a violation of the TCPA and therefore has Article III standing to pursue his claim. (Compl. ¶¶ 18-37). This Court is currently bound by the Eleventh Circuit's ruling in *Palm* on this issue.

### B. Mootness

Defendant also moves to dismiss Plaintiff's claims as moot based on the offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure that Defendant made and Plaintiff rejected. (ECF No. 29, p. 10). A case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Cameron–Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1245 (11th Cir. 2003); *see also 31 Foster Children v. Bush,* 329 F.3d 1255, 1263 (11th Cir. 2003). Generally, if the representative's claims are moot, so too are the claims of the purported but uncertified class. *See, e.g., Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045 (5th Cir. 1981) ("[A] class action must as a general rule be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has properly been certified.").

The Eleventh Circuit recently held that a class action plaintiff's "individual claim is not mooted by an unaccepted Rule 68 offer of judgment." *Stein v. Buccaneers Ltd. P'Ship,* 772 F.3d 698, 709 (11th Cir. 2014). Further, "a proffer that moots a named plaintiff's individual claim does not moot a class . . . even if the proffer comes before the plaintiff has moved to certify a class." *Id.* Defendant acknowledges that the *Stein* holding contradicts its position, but argues that *Stein* cannot be squared with the recent United States Supreme Court case, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013). (ECF No. 29, p. 10).

In *Stein*, however, the Eleventh Circuit specifically acknowledged *Symczyk*, and explained how the two decisions coexist: "as the Supreme Court repeatedly emphasized in *Symczyk* itself, FLSA actions and class actions are different. Rule 23 gives a class representative a markedly different stature from an FLSA plaintiff." *Stein*, 772 F.3d at 709; *see also Collado v. J. & G. Transp., Inc.,* No. 14-80467-CIV, 2014 WL 6896146, at *2 (S.D. Fla. Dec. 5, 2014) ("The Supreme Court has made it clear that FLSA collective action suits are different than Rule 23 class actions on this point—because the FLSA does *not* create standing to sue based solely on the right to vindicate the grievances of a broader class."). Here, Plaintiff seeks to represent a Rule 23 class, not an FLSA collective group. Thus *Stein*, not *Symczyk*, controls this case. Accordingly, Defendant's rejected offer of judgment does not render Plaintiff's individual claims moot. *Id.*

### C. Motion to Stay

Defendant alternatively moves to stay this action pending the resolution of two cases. The first is *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) *cert. granted*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015). There, the Supreme Court will address a mootness issue similar to the one presented here. Like this case, *Campbell-Ewald* is a TCPA putative class action in which the defendant offered the named plaintiff more than full satisfaction of his individual claims. *Id.* The Ninth Circuit, like the Eleventh, took the position that "an unaccepted Rule 68 offer that would fully satisfy a plaintiff's claim is insufficient to render the claim moot." *Id.*; *see also Diaz v. First Am. Home Buyers Prot. Corp.,* 732 F.3d 948, 950 (9th Cir. 2013).

The second case is *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) *cert. granted*, 135 S. Ct. 1892 (2015), in which the Supreme Court will decide if a plaintiff has Article III standing based solely on a "bare statutory violation." In *Spokeo*, the plaintiff alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C.§ 1681 et seq., not the TCPA. However, as Defendant points out, the ruling in *Spokeo* may apply to the Court's subject matter jurisdiction over statutory violations generally, including violations of the TCPA. (ECF No. 29, p. 8).

Either of these two cases may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all. Therefore, as

Defendant notes, the significant "time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules either that plaintiffs like Boise lack Article III standing *or* that Boise's claims are moot (or both)." (*Id.*). This Court may exercise its discretion to avoid such unnecessary expenditures of time and resources by ordering a stay of proceedings. *See, e.g., Clinton v. Jones,* 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Communications, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000).

Plaintiff's opposition to the stay is not without merit. The Eleventh Circuit's decisions in *Stein* and *Palm* are, for the moment, binding precedent upon this Court, and Plaintiff has an interest in bringing his cause of action expeditiously. Further, Defendant has not established a substantial likelihood that it will prevail on the merits. However, other factors weigh heavily in favor of a stay pending the two Supreme Court decisions. *See Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987). First, Plaintiff will not be unduly prejudiced or harmed by a stay of proceedings, which only stands to delay Plaintiff's potential recovery for a period likely less than twelve months. Conversely, without a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the Defendant in either one of the two cases. It is also relevant that both cases will deal with threshold issues of jurisdiction and whether this case may proceed at all. *See Spokeo, Inc. v. Robins* 135 S. Ct. 1892 (2015); *Campbell-Ewald Co. v. Gomez,* 135 S. Ct. 2311 (2015). Ultimately, both parties could be harmed by the burden of potentially superfluous litigation.

It is also important that the length of the stay is neither indefinite nor immoderate. *CTI-Container,* 685 F.2d at 1288. The Supreme Court has already granted certiorari on the two relevant cases and will hear oral argument for them in its upcoming fall Term, which means that a decision is imminent within a year. Finally, there is a public interest in judicial economy and efficiency, which will be promoted by a stay of these proceedings. *See, e.g., Moorman v. Unumprovident Corp.*, No. 1:04-CV-2075-BBM, 2005 WL 6074572, at *11 (N.D. Ga. Feb. 17, 2005) *aff'd*, 464 F.3d 1260 (11th Cir. 2006). A moderate delay here will free up judicial resources without any unfair prejudice or burden on the Plaintiff.

### D. Class Certification

Plaintiff admits that his Motion for Class Certification is premature and that he filed it at an early stage to "avoid being 'picked off' through a Rule 68 offer or individual settlement offer." (ECF No. 26, p. 1). As a result of the early filing, Plaintiff's Motion lacks the factual content necessary to meet the four requirements of Fed. R. Civ. P. 23(a). *See Bennet v. Hayes Robertson Group,* 880 F. Supp. 2d 1270, 1277 (noting that the plaintiff bears the burden of meeting every element of Rule 23 with non-conclusory allegations).

In light of the recent Eleventh Circuit ruling in *Stein*, Plaintiff's early filing for certification was unnecessary. 772 F.3d at 709. An individual claim, for the moment, is not mooted by an unaccepted Rule 68 offer of judgment, regardless of whether the offer precedes a motion for class certification. *Id.* ("[Plaintiffs] had not yet moved to certify a class when BLP served its offers of judgment, but filing a motion to certify at that time would have been premature . . . their receipt of offers of judgment does not, without more, disqualify them from going forward.").

Thus, while class certification is improper at this stage, all parties agree that the motion should be denied without prejudice to allow Boise to re-file the Motion pending the completion of discovery. (*See* ECF No. 31, p. 3). Denial without prejudice also comports with the local rules regarding class certification, which allow the Court to "order postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances." S.D. Fla. L.R. 23.1(c); *see also Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.*, 950 F. Supp. 2d 1271, 1275-76 (S.D. Fla. 2013) (order denying motion to dismiss class action complaint). If and when proceedings resume, Plaintiff may continue with discovery and subsequently re-file his motion for Class Certification.

### IV.   CONCLUSION

The decisions in either one of two cases in front of the Supreme Court could conclusively define this Court's subject matter jurisdiction to hear Plaintiff's claims. Therefore, staying proceedings to await those decisions will promote judicial economy and efficiency, and moreover prevent the parties from expending significant time and resources unnecessarily. Accordingly, Defendant's Motion to

Dismiss or in the Alternative to Stay (ECF No. 29) is **DENIED IN PART** and **GRANTED IN PART**. Defendant's Motion to Dismiss is **DENIED**; however, Defendant's Motion to Stay is **GRANTED** pending the United States Supreme Court's decision in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) *cert. granted*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015) and *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) *cert. granted*, 135 S. Ct. 1892 (2015). Defendant ACE must notify the Court immediately following the Supreme Court's decision in either *Spokeo* or *Campbell-Ewald.*

Finally, Plaintiff has not yet provided the factual content necessary for class certification. However, in light of Plaintiff's reason for filing the certification prematurely—that is, to avoid being "picked off" by a Rule 68 offer of judgment—and pursuant to the relevant local rules, Plaintiff's Motion for Certification (ECF No. 26) is **DENIED** *without prejudice* so that Plaintiff can re-file after completion of discovery.

**DONE and ORDERED** in Chambers, at Miami, Florida this 6th day of July 2015.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*