# HUGHES · ELLZEY LLP

| TELEPHONE | 2700 POST OAK BLVD., SUITE 1120 | FACSIMILE |
|---|---|---|
| (713) 554-2377 | GALLERIA TOWER I<br>HOUSTON, TEXAS 77056<br>WWW.HUGHESELLZEY.COM | (888) 995-3335 |

May 19, 2016

<u>*Via ECF*</u>
The Hon. Marcia G. Cooke
United States District Judge
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, Room 11-2
Miami, Florida 33128

      Re:    *Justin Mark Boise, et al. v. Ace American Insurance Company, et al.*; Case No. 1:15-cv-21264-MGC; In the United States District Court for the Southern District of Florida (Miami Division).

Dear Judge Cooke:

      Plaintiff Justin Mark Boise writes in response to Defendant's letter dated May 19, 2016, notifying the court of the Supreme Court's decision in *Spokeo v. Robins*, No. 13-1339. The Court's Order Denying Defendants' motion to dismiss and staying this case pending the outcome of *Spokeo* and *Gomez v. Campbell-Ewald* states "Defendant ACE must notify the Court immediately following the Supreme Court's decision in *Spokeo* or *Campbell-Ewald*." *See* [Dkt. #36] Order at p. 10 (the "Order"). While Defendant's letter to the Court provides notice of the *Spokeo* decision as instructed, Defendant took the liberty of requesting relief in the face of a stay order (without conferring with opposing counsel) by asking the Court to leave the stay in place to allow further briefing on standing.

      Plaintiff respectfully objects to Defendant's request for a continuation of the stay. The key question in this case was resolved by *Spokeo* - whether an allegation of an intangible injury is sufficient to confer Article III standing to sue for statutory damages. Indeed, the Eleventh Circuit had already resolved this very issue in *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015) before the *Spokeo* decision. This Court noted in the Order, "[*Palm*] forecloses on Defendant's argument that Plaintiff lacks Article III standing to bring his claims. In *Palm*, the Eleventh Circuit determined that a business suffered a concrete injury when it received an unsolicited fax advertisement in violation of the TCPA." *Spokeo* does nothing to detract from the force and effect of this holding. Accordingly, the Court should lift the stay and allow this case to proceed.

---

**CHAMBERS**              **BOISE.AAIC**              **PAGE 1 OF 2**

        Very Truly Yours,

        **HUGHES ELLZEY, LLP**

        *[signature]*

        Jarrett L. Ellzey

JLE/mga