## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

JUSTIN MARK BOISE, individually and on
behalf of all others similarly situated,

               Plaintiff,

    v.

ACE AMERICAN INSURANCE
COMPANY, and ACE USA, INC.,

               Defendants.

Case No. 1:15-cv-21264-MGC

## STIPULATION AND AGREEMENT OF SETTLEMENT

It is hereby stipulated and agreed by and among the undersigned Parties (defined below),
subject to the approval of the Court, that the settlement of this Action (defined below) shall be
effectuated pursuant to the terms and conditions set forth in this Stipulation and Agreement of
Settlement (the "Agreement" or "Settlement Agreement").

## I.    RECITALS

**1.01**    On April 1, 2015, plaintiff Justin Mark Boise ("Plaintiff") filed a putative class
action complaint (the "Complaint") in the United States District Court for the Southern District
of Florida, captioned *Justin Mark Boise v. ACE USA, Inc.*, Case No. 1:15-cv-21264-MGC (S.D.
Fla.) (the "Action").  On April 23, 2015, Plaintiff filed Plaintiff's First Amended Class Action
Complaint (the "Amended Complaint"), which added ACE American Insurance Company
("ACE" or "Defendant") as a Defendant.[1]  The Amended Complaint alleged that ACE violated
the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by placing unsolicited

---

[1] The parties agree that there is no such entity as "ACE USA, Inc.,"  and for the avoidance of
doubt,  Boise will accordingly dismiss all claims with respect to ACE USA Inc.

telemarketing calls to Plaintiff and members of the putative class on (a) telephone numbers assigned to wireless and residential subscribers without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls, and/or (b) telephone numbers on the National Do Not Call Registry ("NDNCR").

**1.02**   ACE disputes Plaintiff's allegations in his Complaint and denies all liability with respect to the individual claims and putative class claims, among other things.  Plaintiff's counsel have conducted a thorough investigation of the facts and law related to this action, including, but not limited to, examining certain documents and data produced by ACE and various third parties with knowledge and information related to the facts of the case.  The Parties are entering into this Agreement to avoid the risk and expense of further litigation, to resolve all disputes that have arisen between them, and to settle any and all claims that do or may exist in the past, present or future.

**1.03**   This Settlement Agreement is the result of good faith, arm's-length settlement negotiations that took place over many months.   The Parties have exchanged information (including through formal and informal discovery, including thousands of pages of document production); have participated in two extensive full-day mediations (and numerous subsequent follow up conferences) under the guidance of the Honorable Wayne Andersen (Ret.); and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.

**1.04**   The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.   This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the

terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement.   The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.05    The Parties hereby stipulate and agree that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to approval of the Court, the Action shall be fully and finally settled and the Action dismissed with prejudice under the following terms and conditions:

## II.    DEFINITIONS

As used in this Agreement and the related documents attached hereto as exhibits (A: Preliminary Approval Order; B: Direct Mail Notice and Claim Form; C: Long Form Notice; D: Publication Notice; E: Final Approval Order) the terms set forth below shall have the meanings set forth below.   The singular includes the plural and vice versa.

2.01    "ACE's Counsel" or "Defendant's Counsel" means Mayer Brown LLP and Brown Sims.

2.02    "ACE" or "Defendant" refers to Defendant ACE American Insurance Company.

2.03    "Action" means the civil action entitled *Justin Mark Boise v. ACE USA, Inc.*, Case No. 1:15-cv-21264-MGC (S.D. Fla.).

2.04    "Agreement" or "Settlement Agreement" means this Stipulation and Agreement of Settlement, including all attached and/or incorporated exhibits.

2.05    "Aggregate Fees, Costs, and Expenses" means the aggregate Attorneys' Fees and Costs, the Settlement Administration Costs and the Incentive Award.

2.06    "Amended Complaint" means the Amended Complaint filed in this Action by Plaintiff and Class Counsel.

**2.07**   "Approved Claim" means a Claim made by a Settlement Class Member that the Settlement Administrator, in its discretion, subject to Class Counsel and Defendant's review, determines to be timely, accurate, complete, in proper form, and signed.  Defendant retains the right to verify all Approved Claims and notify the Settlement Administrator of any discrepancies, subject to Class Counsel review, as set forth herein.

**2.08**   "Attorneys' Fees and Costs" means all fees, costs and expenses to be awarded as per the Settlement of this Action pursuant to the Fee and Cost Application.

**2.09**   "Benefit Check" means the negotiable check(s) to be sent to the Settlement Class Members pursuant to Section IV herein.

**2.10**   "CAFA Notice" refers to the notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Settlement Administrator pursuant to Section VII herein.

**2.11**    "Cash Benefit" means a cash payment from the Settlement Fund to an eligible Settlement Class Member, as set forth in Section IV herein.

**2.12**   "Claim" means a completed Claim Form received by the Settlement Administrator.

**2.13**   "Claim Form" means the written claim form to be provided by the Settlement Administrator to Settlement Class Members along with the Direct Mail Notice and that will be available online on the Settlement Website.  The Claim Form included with the Direct Mail Notice shall be substantially in the form of Exhibit B, attached hereto.  The online Claim Form interface shall be developed by the Settlement Administrator and is subject to review and approval by the Parties.

**2.14**   "Class Counsel" means and includes:

W. Craft Hughes
Jarrett L. Ellzey
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Suite 1120
Galleria Tower I
Houston, Texas 77056

**2.15** "Class Notice" means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court, including but not limited to the Direct Mail Notice, the Publication Notice, and the Long Form Notice.

**2.16** "Class Period" means from October 16, 2013 through the date of preliminary approval.

**2.17** "Class Representative" or "Plaintiff" means the named plaintiff Justin Mark Boise.

**2.18** "Complaint" means the Complaint filed in this Action by Plaintiff and Class Counsel.

**2.19** "Court" means the United States District Court for the Southern District of Florida, and U.S. District Marcia G. Cooke, before whom the Action is pending.

**2.20** "Direct Mail Notice" or the "Short Form Notice" means the written notice that will be mailed to the Settlement Class Members by the Settlement Administrator and will be substantially in the form of Exhibit B attached hereto.

**2.21** "Effective Date" means the first date by which all of the following events shall have occurred: (a) the Court has entered the Preliminary Approval Order substantially in the form of Exhibit A attached hereto; (b) the Court has entered the Final Approval Order and Judgment substantially in the form of Exhibit E attached hereto; and (c) the Final Approval Order and Judgment has become Final.

**2.22**    "Fee and Cost Application" means that written motion or application by which Plaintiff and/or Class Counsel requests that the Court award Attorneys' Fees and Costs and the Incentive Award.

**2.23**    "Final" means that the Final Approval Order and Judgment has been entered on the docket in the Action and (a) the time to appeal from such order and judgment has expired and no appeal has been filed, or (b) if an appeal from such order and judgment has been filed, it has finally been resolved and has resulted in an affirmance of the Final Approval Order and Judgment, or (c) the Court, following the resolution of any appeal from the Final Approval Order and Judgment, enters a further order or orders approving the Settlement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in the affirmation of such orders.   Neither the pendency of the Fee and Cost Application, nor any appeal pertaining solely to a decision on the Fee and Cost Application, shall in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

**2.24**    "Final Approval Hearing" means the hearing scheduled to take place no sooner than 150 days after the date of entry of the Preliminary Approval Order, at which the Court shall: (a) determine whether to grant final approval to this Settlement Agreement and to finally certify the Settlement Class; (b) consider any timely objections to this Settlement and all responses thereto; (c) rule on the Fee and Cost Application; and (d) dismiss the Action with prejudice.

**2.25**    "Final Approval Order and Judgment" means the order, substantially in the form of Exhibit E attached hereto, in which the Court grants final approval of this Settlement Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice.   The form of the Final Approval Order and Judgment is a material term of this Settlement Agreement.

**2.26**     "Incentive Award" means the incentive payment to the Class Representative, in accordance with Section V of this Settlement Agreement.

**2.27**     "Litigation" means the legal proceedings in the Action.

**2.28**     "Long Form Notice" means the notice that shall be made available on the Settlement Website, in the form attached hereto as Exhibit C.

**2.29**     "NDNCR" means the National Do Not Call Registry.

**2.30**     "Objection Deadline" means one hundred twenty (120) days following Preliminary Approval.

**2.31**     "Opt-Out Deadline" means one hundred twenty (120) days following Preliminary Approval.

**2.32**     "Parties" shall refer to Plaintiff, the Settlement Class, and ACE.

**2.33**     "Person" means any natural person, firm, corporation, unincorporated association, partnership, or other form of legal entity or government body, including its agents and representatives.

**2.34**     "Potential Class Member Database" means customer lists provided from Nationstar Mortgage that identify customers of Nationstar who were the potential subjects of relevant telemarketing campaigns during the Class Period.

**2.35**     "Preliminary Approval Order" means the Order, substantially in the form of Exhibit A attached hereto, in which the Court grants its preliminary approval to this Settlement Agreement and preliminarily certifies the Settlement Class, authorizes dissemination of Class Notice to the Settlement Class, and appoints the Settlement Administrator.  The form of the Preliminary Approval Order and Judgment is a material term of this Settlement Agreement.

**2.36**    "Publication Notice" means notice of this Settlement Agreement to be provided to Settlement Class Members under Section 7.03 of the Settlement Agremeent substantially in the form attached as Exhibit D.

**2.37**    "Release" means the releases set forth in Section XII of this Settlement Agreement.

**2.38**    "Released Claims" means the claims released in Section XII of this Settlement Agreement.

**2.39**    "Released Parties" means: (a) ACE; (b) ACE's counsel; (c) ACE's past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates, including but not limited to Chubb Limited, Chubb Group, and all of their respective past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (d) ACE's successors and predecessors and their respective past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (e) all entities with which ACE contracted with or engaged to place telemarketing calls (including but not limited to Custom Response Teleservices, Inc.), or from which to obtain lead information including telephone numbers; (f) ACE's insurance carriers and their counsel; and (g) for each of the foregoing Persons, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns.

**2.40**    "Request for Exclusion" means the written submission submitted by a Settlement Class Member to opt out of the Settlement consistent with the terms of this Settlement Agreement.

**2.41**   "Share" or "Shares" shall have the meanings set forth in Section 4.02 of this Agreement.

**2.42**   "Settlement" or "Settlement Agreement" means the Settlement set forth in this Agreement between Plaintiff and ACE and each and every exhibit attached hereto.

**2.43**   "Settlement Administration Costs" means any and all fees and costs incurred in administering the Settlement, to be paid exclusively from the Settlement Fund, including but not limited to, the fees and costs of disseminating all Class Notice, publishing Class Notice, administering and maintaining the Settlement Website, and providing Benefit Checks to Settlement Class Members, but specifically excluding the payment of all Cash Benefits, payment of the Incentive Award, and payment of the any amounts awarded pursuant to the Fee and Cost Application.

**2.44**   "Settlement Administrator" means Kurtzman Carson Consultants (KCC).

**2.45**   "Settlement Class" means and includes "[a]ll individuals in the United States who are or were customers of Nationstar Mortgage or BB&T Bank, on or after October 16, 2013 who: (1) received more than one telephone call made by or on behalf of Defendant within a 12-month period; (2) to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.   The following are excluded from the Settlement Class:  (1) any judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person or entity who has previously given a valid release of the claims asserted in the Action; and (7) Plaintiff's Counsel and their employees.

**2.46**    "Settlement Class Members" means the Plaintiff and those persons who are members of the Settlement Class, as set forth in the Settlement Class as defined above, and who do not submit a timely and valid Request for Exclusion from the Settlement Class.

**2.47**    "Settlement Fund" means the common fund of nine million, seven hundred sixty thousand dollars ($9.76 million), which will be the total aggregate amount that ACE will be obligated to pay by operation of the Settlement, if approved.   This Settlement Fund will constitute ACE's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Justin Mark Boise; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to one or more charitable organizations pursuant to the procedures described in Section IV of this Settlement Agreement.   No portion of the Settlement Fund will be returned to ACE, unless the Settlement is terminated in accordance with the terms of this Settlement Agreement.

**2.48**    "Settlement Website" means the Internet website to be operated and maintained by the Settlement Administrator as described in Section VI of this Settlement Agreement.

**2.49**    "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

**2.50**    "Total Class Member Benefits Payout" shall have the meaning set forth in Section 4.02 of this Agreement.

**2.51**    When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

### III.   ALL PARTIES AGREE THAT THEY RECOMMEND APPROVAL OF THE SETTLEMENT

3.01   <u>ACE's Position On The Conditional Certification Of Settlement Class</u>.   ACE denies that a litigation class properly could be certified on the claims asserted in this Litigation and disputes that the litigation of this case on a class-wide basis would be manageable.   Solely for purposes of avoiding the expense and inconvenience of further litigation, however, ACE does not oppose the certification of the Settlement Class for the purposes of this Settlement only. Certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would ACE be precluded from challenging class certification in further proceedings in this Litigation or in any other action if the Settlement Agreement is not finalized or finally approved.   If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Litigation or any other judicial proceeding.   No agreements made by or entered into by ACE in connection with the Settlement Agreement may be used by Plaintiff, any Settlement Class Member, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Litigation or any other judicial proceeding.

3.02   <u>Plaintiff's Belief In The Merits Of Case</u>.   Plaintiff and his counsel diligently examined documents and data produced by ACE and third parties with knowledge and information related to the facts of this case, and personally communicated with representatives of these third parties regarding such information.   Plaintiff believes that the claims asserted in this Litigation have merit and that the evidence developed to date supports those claims.   This Settlement will in no event be construed or deemed to be evidence of or an admission or

concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that ACE has asserted.

    **3.03**   Plaintiff Recognizes The Benefits Of Settlement.   Plaintiff recognizes and acknowledges, however, the expense and amount of time that would be required to continue to pursue this Litigation against ACE, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  Plaintiff has concluded that it is desirable that this Litigation and any Released Claims be fully and finally settled and released as set forth in this Settlement, as such is in the best interest of the members of the Settlement Class.   Plaintiff and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

## IV.   SETTLEMENT FUND AND SETTLEMENT CLASS RELIEF

    In consideration of a full, complete, and final settlement of the Action, dismissal of the Action with prejudice, and the Release in Section XII below, and subject to the Court's approval, the Parties agree to the following relief:

    **4.01**   Settlement Fund.  ACE will become obligated to deposit a total of $9,760,000 into the Settlement Fund when this Settlement becomes Final, which Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel.  All of the monies deposited by ACE into the Settlement Fund will be placed in an interest bearing escrow account established and maintained by the Settlement Administrator. The interest generated, if any, will accrue to the benefit of the Settlement Class and is to be added into the Settlement Fund.   ACE shall make deposits into the Settlement Fund in accordance with the following schedule:

a.      Within ten (10) days of the entry of the Preliminary Approval Order, ACE will disburse to the Settlement Administrator three hundred thousand dollars ($300,000) of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Class Notice, establish and maintain the Settlement Website, establish and maintain a toll-free number for questions by class members, as well as any other initial administration costs to the Parties.   To the extent that additional Settlement Administration Costs are incurred after this initial payment, but before the Effective Date, the Settlement Administrator will bill, and ACE shall pay, such additional costs. For any additional costs of Settlement Administration that are paid by ACE, ACE shall receive a credit against the amounts required to be paid into the Settlement Fund.

b.      All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of ACE (via its counsel) and Class Counsel.

c.      ACE will disburse to the Settlement Administrator the remainder of the Settlement Fund within ten (10) business days following the Effective Date.

4.02    Payments From The Settlement Fund.

a.      The total amount distributed to the Settlement Class (the "Total Class Member Benefits Payout") shall be the Settlement Fund and any earnings thereon, less the amount awarded by the Court for Attorney's Fees and Costs to Class Counsel, the Incentive Award, and the Settlement Administration Costs.   The Total Class Member Benefits Payout shall be distributed to the Settlement Class as follows: each class member who files a Claim Form will receive a *pro rata* share, with payments to be equally divided among claiming Settlement Class members.   Specifically, a Settlement Class Member who files a Claim Form shall be awarded

one share (the "Share," or in the aggregate, "Shares").  Each Share shall entitle a Settlement Class Member who files a claim to be paid, by a Benefits Check, a Cash Benefit that shall be equal to the net of Total Class Member Benefits Payout divided by the total number of Shares awarded to all claiming Settlement Class Members.

b.     Claimants who submit Approved Claims shall be entitled to receive a pro rata Cash Benefit based on the calculation described in Section 4.02(a) above.   Multiple subscribers to, and/or owners or users of, the same telephone and/or number will be entitled to a single recovery per telephone number.

c.     Certain settlement Class Members will be asked to provide either a Taxpayer Identification or a Social Security Number if they are receiving $600 or more in a Cash Benefit due to Internal Revenue Service reporting requirements.  The Settlement Administrator will issue a written notice to Settlement Class Members who will receive a payment of $600 or more as a Cash Benefit, once the allocation of Cash Benefits is determined following Final Approval.  If no Taxpayer Identification or Social Security Number is timely provided, payment of the Cash Benefit may be subject to backup withholding as required by Internal Revenue Service regulations.

d.     If any Benefit Checks are returned, the Settlement Administrator will attempt to obtain a new mailing address for that Settlement Class Member.  If, after a second mailing, the Benefit Check is again returned, no further efforts need be taken by the Settlement Administrator to resend the Benefit Check.

e.     The Benefit Checks shall state that they are invalid after 180 days from the date of the check.  If any Settlement Class Member fails to negotiate a Benefit Check within that

that period of time, that Settlement Class Member shall forever waive and release his, her or its claim for payment under this Agreement.

    f. If any amounts remain in the Settlement Fund because Settlement Class Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the claiming Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible, and if not so feasible; (b) to the *cy pres* designated recipient(s), which will be one or more nonprofit organizations mutually agreed upon by the Parties and approved and appointed by the Court.

    g. Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms of this Agreement, shall commence only after the Effective Date.  The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

    h. No portion of the Settlement Fund will be returned to ACE, except as provided in Section XIII, Termination of the Agreement.

    i. If this Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

## V.   ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVE

  **5.01** <u>Attorneys' Fees And Costs</u>.  Class Counsel will file a Fee and Cost Application with the Court for an award of Attorneys' Fees and Costs to be paid from the Settlement Fund. Class Counsel will be entitled to payment of the Attorneys' Fees and Costs awarded by the Court

out of the Settlement Fund within twelve (12) days of the Effective Date. Class Counsel intend to request fees not to exceed 30% of the Settlement Fund as well as costs and expenses not to exceed $120,000 incurred in the litigation.

**5.02** _Payment Of The Incentive Award To Class Representative_. The Class Representative will ask the Court to award him an Incentive Award of $10,000 for the time and effort he has invested in the Action. Within twelve (12) days after the Effective Date, and after receiving W-9 forms from the Class Representative, the Settlement Administrator will disburse such funds to the Class Representative as awarded by the Court.

**5.03** _Settlement Independent Of Award Of Fees, Costs And Incentive Award_. The payments of Attorneys' Fees and Costs and the Incentive Award set forth in Sections 5.01 and 5.02 are subject to and dependent upon the Court's approval as fair, reasonable, adequate, and in the best interests of Settlement Class Members. This Settlement, however, is not dependent or conditioned upon the Court's approving Plaintiff's and/or Class Counsel's requests for such payments or awarding the particular amounts sought by Plaintiff and/or Class Counsel. In the event the Court declines Plaintiff's and/or Class Counsel's requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

## VI.   SETTLEMENT ADMINISTRATION AND COSTS

**6.01** _Costs Of Notice_. All costs of providing the Class Notice as provided herein, including the costs of identifying members of the Settlement Class and the costs of printing, web hosting and/or publishing the Class Notice, shall be paid for out of the Settlement Fund, subject to the terms of this Settlement Agreement. In the event that this Settlement Agreement is terminated in accordance with its terms, ACE shall bear any costs of providing Class Notice already incurred.

**6.02**    Costs Of Administering Settlement.  All Settlement Administration Costs shall be paid for out of the Settlement Fund.  In the event that this Settlement Agreement is terminated in accordance with its terms, ACE shall bear any Settlement Administration Costs already incurred.

**6.03**    Settlement Administrator.  The Settlement Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth below.   Those responsibilities include, but are not limited to:

a.    completing Class Notice, as provided in Section VII of this Settlement Agreement;

b.    obtaining complete address information for Settlement Class Members (where possible) and new addresses for returned mail;

c.    creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, this Settlement Agreement, the Long Form Notice, Direct Mail Notice and Claim Form, the Preliminary Approval Order and other important documents and information about the Settlement;

d.    acting as a liaison between Settlement Class Members and the Parties;

e.    handling the process of mailing Benefit Checks,

f.    preparing and providing a declaration to ACE's and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will: (i) attest the compliance with the provisions of this Settlement Agreement related to Class Notice; (ii) listing each Settlement Class Member who timely and validly opted out of the Settlement; and

g.    performing any other tasks reasonably required to effectuate the Settlement.

## VII.   CLASS NOTICE

**7.01**    In the event that the Court enters the Preliminary Approval Order, the Settlement Administrator will provide Class Notice to the Settlement Class, as provided herein.

**7.02**    Direct Mail Notice and Claim Form.

a.      For the purposes of providing Class Notice and administering the Settlement, the Parties shall provide to the Settlement Administrator the Potential Class Member Database.  The Settlement Administrator shall perform investigations deemed appropriate by the Settlement Administrator in an attempt to identify complete and current address information of each Settlement Class Member.  The Direct Mail Notice and Claim Form, as set forth below, will be provided to all persons in the Potential Class Member Database within sixty (60) calendar days following entry of the Preliminary Approval Order.

b.      The Settlement Administrator will send the Direct Mail Notice by first class mail to all Settlement Class Members whose addresses are listed in the Potential Class Member Database.  The Settlement Administrator will promptly re-mail any Direct Mail Notices that are returned as non-deliverable with a forwarding address to such forwarding address.  For all returned mail, the Settlement Administrator will perform data searches and other reasonable steps to attempt to obtain better contact information on the Settlement Class Member, and shall re-mail such Notices at least one additional time.  All costs of research, address determination and confirmation, data searches, and re-mailing of returned Notices will be considered Settlement Administration Costs and deducted from the Settlement Fund.

**7.03**    Publication Notice.   The parties have diligently investigated whether name, telephone number, and/or address information is available for potential class members who are or were customers of BB&T Bank.  Because the parties have determined that neither BB&T Bank nor any other entity (such as Defendant or any vendor) has such information, the best

notice that is practicable for settlement class members who are or were customers of BB&T is publication notice. The Settlement Administrator or Defendant will cause to be published the Publication Notice once in the following publications, not later than sixty (60) calendar days after entry of the Preliminary Approval Order: *USA Weekend* and *People Magazine*. The Publication Notice shall be sized for a one-quarter page ad in each publication.

**7.04**   Settlement Website.   After entry of the Preliminary Approval Order and prior to the date of the mailing of the Direct Mail Notice, the Settlement Administrator shall cause the Complaint, Long Form Notice and, this Settlement Agreement to be made available on a dedicated Settlement Website to be administered by the Settlement Administrator.

**7.05**   CAFA Notice.   Class Counsel, through the Settlement Administrator, will be responsible for serving the required CAFA Notice within ten (10) calendar days after the filing of the Preliminary Approval Motion.   Class Counsel shall ensure that the Settlement Administrator has contracted in writing to retain such documents and records in accordance with this paragraph.

**7.06**   The Settlement Administrator shall have discretion to make minor revisions to the format of the Class Notice in a reasonable manner to reduce mailing or administrative costs. Before Class Notice is commenced, Class Counsel and ACE's Counsel shall first be provided with a proof copy of any and all Class Notices (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with the Settlement Agreement and with the Court's Orders.

**7.07**   Declarations Of Compliance.   The Settlement Administrator shall prepare a declaration attesting to compliance with the Class Notice requirements of this Settlement

Agreement.  Such declaration shall be provided to Class Counsel and ACE's Counsel and filed with the Court no later than seven (7) days prior to the Final Approval Hearing.

**7.08**   Best Notice Practicable.   The Parties agree that compliance with the procedures described in this Section is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

## VIII.   PRELIMINARY APPROVAL

**8.01**   Order Of Preliminary Approval.   As soon as practicable after the execution of this Settlement Agreement, Class Counsel shall apply, and ACE shall file a notice joining Class Counsel's application, for entry of the Preliminary Approval Order in the form of Exhibit A hereto.  The proposed Preliminary Approval Order shall include provisions:

a.      preliminarily certifying the Settlement Class for settlement purposes only;

b.      preliminarily approving this Settlement and finding this Settlement sufficiently fair, reasonable and adequate to allow Notice to be disseminated to the Settlement Class;

c.      approving the form, content, and manner of the Class Notice;

d.      appointing Kurtzman Carson Consultants as the Settlement Administrator;

e.      setting a schedule for proceedings with respect to final approval of this Settlement, including scheduling a Final Approval Hearing for no earlier than 150 days from the date of Preliminary Approval Order;

f.      providing that, pending entry of a Final Approval Order and Judgment, the Parties shall cooperate in seeking orders that no Settlement Class Member (either directly, in a

representative capacity, or in any other capacity) shall commence or continue any action against ACE or other Released Parties asserting any of the Released Claims;

       g.     staying the Action, other than such proceedings as are related to this Settlement; and

       h.     providing that no admissions have been made by ACE.

## IX.    OPT-OUTS AND OBJECTIONS

**9.01**   Opting Out Of The Settlement.  A Settlement Class Member wishing to make a Request for Exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice.  Such Request for Exclusion shall clearly indicate the name, address, and telephone number of the person or entity seeking exclusion, the name and case number of the case; must be signed by such person; and shall state that the Settlement Class Member excludes him or herself from the Settlement.  The Request for Exclusion shall not be effective unless it provides the required information and is postmarked no later than the Opt-Out Deadline, or the exclusion is otherwise accepted by the Court.  No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class.  Copies of Requests for Exclusion will be provided by the Settlement Administrator to Class Counsel and to ACE's Counsel not later than seven days after the Opt-Out Deadline.  The Requests for Exclusion shall be filed with the Court by the Settlement Administrator in connection with the Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement.

**9.02**   Deadline.  The Settlement Administrator will provide the Parties with copies of each Request for Exclusion it receives, and will provide a list of each Settlement Class Member

who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section VI.  Settlement Class Members who do not properly and timely submit a Request for Exclusion will be bound by this Settlement Agreement and the Judgment, including the Release in Section XII below.  Any member of the Settlement Class who submits a valid and timely Request for Exclusion will not be a Settlement Class Member and will not be bound by the terms of this Settlement Agreement.

9.03    Objections.  Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline.

a.    In the written objection, the Settlement Class Member must state his or her full name, address, and telephone number, and must state the reasons for his, her or its objection, and whether he, she or it intends to appear at the Fairness Hearing on his, her or its own behalf or through counsel.  Any documents supporting the objection must also be attached to the objection.

b.    The Parties will have the right to depose or seek discovery from any objector to assess whether the objector has standing or the objection has merit.

9.04    Fairness Hearing.  Any Settlement Class Member who has timely filed an Objection may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the Settlement.

## X.    FINAL APPROVAL AND JUDGMENT ORDER

10.01  No later than seven (7) calendar days prior to the Final Approval Hearing, the Settlement Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Class Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**10.02**   If the Court issues the Preliminary Approval Order, and all other conditions precedent to the Settlement have been satisfied, no later than seven (7) calendar days prior to Final Approval Hearing:

        a.   All Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit E, with Class Counsel filing a memorandum of points and authorities in support of a motion seeking Final Approval; and

        b.   Class Counsel and/or ACE may file a memorandum addressing any Objections submitted to the Settlement.

**10.03**   At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any objections to the Settlement should be overruled, whether the Attorneys' Fees and Costs requested by Class Counsel and Incentive Award to the Class Representative should be approved, and whether a Judgment finally approving the Settlement should be entered.

**10.04**   This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Agreement and enters a final Judgment and:

        a.   finds that the Class Notice provided satisfies the requirements of due process and Federal Rules of Civil Procedure Rule 23(e)(1);

        b.   finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

       c.      finds that the Settlement Agreement is fair, reasonable, and adequate with respect to the Settlement Class, that each Settlement Class Member will be bound by this Agreement, including the Release and the covenant not to sue set forth in Section XII, and that this Settlement Agreement should be and is approved;

       d.      dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action;

       e.      permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against ACE or any of the Released Parties; and

       f.      retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement Agreement.

## XI.   FINAL JUDGMENT

**11.01**  The judgment entered at the Final Approval Hearing will be deemed Final for purposes of this Settlement Agreement after the latest of the following: (i) if no individual, or counsel on their behalf, has filed an appearance that would give them potential standing to appeal the Final Approval Order, then on the date the settlement is finally approved by this Court; (ii) if an individual, or on an attorney has filed an appearance, and no notice of appeal of the Final Approval Order is filed, the expiration date of the time for filing any appeal from the Judgment, including any extension of such expiration date granted by order of any court of competent jurisdiction, by operation of law, or otherwise; (iii) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for rehearing and a petition for *certiorari* of the Judgment, or, if such a petition is filed, either the denial of that petition or, if the petition is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or

(iv) the date of final dismissal of any appeal of the Judgment or the final dismissal of any proceeding to review the Judgment.

<strong>XII.   RELEASE OF CLAIMS</strong>

**12.01**   <u>Released Claims</u>.   Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined below).   Plaintiff and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.   The Release does not apply to members of the Settlement Class who opt out of the Settlement by submitting a valid and timely Request for Exclusion.   "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, tribal law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to ACE initiating telephone calls to Settlement Class Members during the Class Period.   Released Claims include all TCPA claims and all state law claims arising out of the alleged making of telephone calls.   Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do

- 25 -

not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective.

**12.02** <u>Waiver Of Unknown Claims</u>.   Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective.   This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**12.03**   Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases.   In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**12.04** <u>Covenant Not To Sue</u>.   Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## XIII.   TERMINATION OF AGREEMENT

**13.01**   Either Plaintiff Or Defendant May Terminate The Agreement.  Plaintiff and ACE will each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their, or its election to do so ("Termination Notice") to all other Parties hereto within ten (12)  days of any of the following occurrences:

a.      the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order with respect to the Settlement Agreement;

b.      an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

c.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes the Settlement Agreement in a way that Plaintiff or Defendant reasonably consider material, unless such modification or amendment is accepted in writing by all Parties, except that, as provided above, the Court approval of Attorneys' Fees and Costs or the Incentive Award, or their amount, is not a condition of the Settlement;

d.      the Effective Date does not occur; or

e.      more than five percent (5%) of the Class opts out; and

f.      any other ground for termination provided for elsewhere in this Agreement occurs.

**13.02**   Revert To Status Quo If Plaintiff Or Defendant Terminates.  If either Plaintiff or ACE terminates this Agreement as provided in Section 13.01, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated.  However, any payments made to the

Settlement Administrator for services rendered to the date of termination will not be refunded to ACE.

**13.03**  If the Settlement Agreement is not approved in full by the Court, any Party has the option to terminate the Settlement Agreement and revert to the status quo ante prior to the Settlement.

### XIV.   NO ADMISSION OF LIABILITY

**14.01**  ACE denies any liability or wrongdoing of any kind associated with the alleged claims in the Complaint.  ACE has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing in this Settlement Agreement will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing in this Settlement Agreement will constitute an admission by ACE that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes.  To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of ACE or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of ACE in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**14.02**  Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in

connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

**14.03**   The Parties agree that all information obtained from or provided by ACE in connection with this Settlement Agreement and its negotiation shall be kept confidential and that such information shall be used on only for the purposes allowed by this Settlement Agreement and for no other purpose.

**14.04**   If any Party or attorney is contacted by a member of the press or other person seeking a public comment on the Settlement, the Party or attorney may provide the inquiring party with only the details of the Settlement as published pursuant to the Preliminary Approval Order or as stated in the application seeking preliminary approval.  No Party shall disparage any other in any fashion.  In no event shall Plaintiff, Class Counsel or their respective agents inaccurately characterize the terms of the Settlement or the Agreement.

**14.05**   The Parties agree that nothing in this Settlement Agreement shall be construed to prohibit communications between ACE or any of the other Released Parties about the Settlement or any related topic, or between ACE and any Settlement Class Member in the regular course of ACE's businesses.

## XV.   <u>MISCELLANEOUS</u>

**15.01**   <u>Entire Agreement</u>.   This Agreement, the exhibits hereto, and the termination provision referenced in Section XIII above constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

**15.02**   <u>Successors</u>.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the Settlement Class Members, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the

Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

15.03    Potential Changes To Attachments.   The Parties agree to request that the Court approve the forms of the Preliminary Approval Order attached hereto as Exhibit A, the Direct Mail Notice attached hereto as Exhibit B, the Long Form Notice attached hereto as Exhibit C, the Publication Notice attached hereto as Exhibit D, and the Final Approval Order attached hereto as Exhibit E.   The fact that the Court may require non-substantive changes to any of these documents does not invalidate this Settlement Agreement.

15.04    Governing Law.   This Agreement will be governed by the laws of the State of Florida.

15.05    Jurisdiction.   The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

15.06    No Construction Against Drafting Party.   This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was drafted or prepared by that Party.

15.07    Resolution Of Disputes.   The Parties will cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a Motion for Preliminary Approval with the Court and to take any other actions required to effectuate this Settlement.   Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**15.08**   Counterparts.   This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**15.09**   Time Periods.   The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**15.10**   Authority.   Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**15.11**   No Oral Modifications.   This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the duly authorized agents of Defendant and Plaintiff, and approved by the Court.

**15.12**   Notices.   Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, overnight delivery or hand delivery, postage prepaid, as follows:

If To Class Counsel:

> W. Craft Hughes
> Jarrett L. Ellzey
> HUGHES ELLZEY, LLP
> 2700 Post Oak Blvd., Suite 1120
> Galleria Tower I
> Houston, Texas 77056
> craft@hughesellzey.com
> jarrett@hughesellzey.com
> Telephone:  (888) 350-3931
> Fax:  (888) 995-3335

If To Counsel For Defendant:

> Matthew D. Ingber
> MAYER BROWN LLP
> 1221 Avenue of the Americas
> New York, New York 10020
> Telephone: (212) 506-2500

Fax: (212) 262-1910
mingber@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Fax: (202) 263-3300
aparasharami@mayerbrown.com

**[SIGNATURE PAGES]**

IN WITNESS HEREOF, the undersigned have executed this Stipulation of

Settlement as of:


_____

By: Justin Mark Boise
Dated:  January ___, 2017


On Behalf of Plaintiff's Counsel/Class Counsel,


_____

W. Craft Hughes
Jarrett L. Ellzey
HUGHES ELLZEY, LLP

Dated:  January ___, 2017

ACE American Insurance Company


_____

By: Jonathan Cooperman
Vice President and Associate General Counsel at Chubb

Dated:  January  ___, 2017

On Behalf of Defendant's Counsel,


*/s/Archis A. Parasharami*
Archis A. Parasharami
MAYER BROWN LLP


Dated:  January 27, 2017

IN WITNESS HEREOF, the undersigned have executed this Stipulation of Settlement as of:

By: Justin Mark Boise
Dated: January 27, 2017

On Behalf of Plaintiff's Counsel/Class Counsel,

W. Craft Hughes
Jarrett L. Ellzey
HUGHES ELLZEY, LLP

Dated: January ___, 2017

ACE American Insurance Company

_____

By: Jonathan Cooperman
Vice President and Associate General Counsel at Chubb

Dated: January ___, 2017

On Behalf of Defendant's Counsel,


_____

Matthew D. Ingber
MAYER BROWN LLP
1221 Avenue of the Americas

Dated: January ___, 2017