UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-21264-COOKE/TORRES

JUSTIN MARK BOISE, individually and
on behalf of all others similarly situated,

    Plaintiff,

  v.

ACE AMERICAN INSURANCE
COMPANY, and ACE USA, INC.,

    Defendant.

_____/

**ORDER GRANTING PRELIMINARY
APPROVAL OF STIPULATION AND AGREEMENT OF
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, NOTICE TO
SETTLEMENT CLASS MEMBERS AND ENTRY OF SCHEDULING ORDER**

Pending is the Unopposed Motion for Preliminary Approval of Stipulation and Agreement of Class Action Settlement ("Motion") of Plaintiff Justin Mark Boise ("Plaintiff"). For the reasons stated herein, the Court grants Plaintiff's Motion, conditionally certifies the class, preliminarily approves the Stipulation and Agreement of Settlement, and enters the schedule set forth below for notice to Settlement Class Members, exclusion and opt-out deadlines, and for a final approval hearing.

**WHEREAS**, on January 27, 2017, the parties filed a Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and release of certain claims against ACE American Insurance Company and ACE USA, Inc. ("ACE" or "Defendant"). The Settlement Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and participation in two extensive full-day mediations (and numerous

subsequent follow up conferences) under the guidance of the Honorable Wayne Andersen (Ret.).

**WHEREAS**, the Court having considered the Settlement Agreement (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination that the Settlement appears fair, reasonable and adequate, and that a hearing should and will be held after Class Notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement be entered;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

**I.    THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL**

1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified, consisting of the following:

> All individuals in the United States who are or were customers of Nationstar Mortgage or BB&T Bank, on or after October 16, 2013 who: (1) received more than one telephone call made by or on behalf of Defendant within a 12-month period; (2) to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.
>
> The following are excluded from the Settlement Class: (1) any judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline;

(6) any person or entity who has previously given a valid release of the claims asserted in the Action; and (7) Plaintiff's Counsel and their employees.

3.  Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, Plaintiff Justin Mark Boise is hereby appointed Class Representative and the following counsel are hereby appointed as Class Counsel:

> W. Craft Hughes
> Jarrett L. Ellzey
> HUGHES ELLZEY, LLP
> 2700 Post Oak Blvd., Suite 1120
> Galleria Tower I
> Houston, Texas 77056

4.  The Court preliminarily finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only. The Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

(a) <u>Numerosity</u>: The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of the widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b) <u>Commonality</u>: There are questions of law and fact, with regard to the alleged activities of ACE, common to the Settlement Class.

(c) <u>Typicality</u>: The claims of the Class Representative are typical of the claims of the Settlement Class she seeks to represent. Therefore, in the context of this settlement the element of typicality is satisfied.

(d) <u>Adequate Representation</u>: The Class Representative's interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. The Class Representative will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under

Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e) <u>Predominance of Common Issues</u>: The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members. In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f) <u>Superiority of the Class Action Mechanism</u>: The class action mechanism is ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court further finds that (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

6. The Class Representative is Justin Mark Boise. Based upon the Court's familiarity with the claims and parties, and the negotiation and mediation process overseen by the Honorable Wayne Andersen (Ret.), the Court preliminarily finds that this designated

Class Representative is appropriate for settlement purposes. The Court finds that the Class Representative is a member of the Settlement Class.

7. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiff and ACE shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

**II.     THE COMMON FUND**

8. Pursuant to the Settlement Agreement, ACE shall deposit a total of nine million, seven hundred sixty thousand dollars ($9,760,000) into the Settlement Fund when the Settlement becomes Final, which Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel. All of the monies deposited by ACE into the Settlement Fund will be placed in an interest bearing escrow account established and maintained by the Settlement Administrator. The interest generated, if any, will accrue to the benefit of the Settlement Class and is to be added into the Settlement Fund. ACE shall make deposits into the Settlement Fund in accordance with the following schedule:

a. Within ten (10) days of the entry of this Preliminary Approval Order, ACE will disburse to the Settlement Administrator three hundred thousand dollars ($300,000) of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Class Notice, establish and maintain the Settlement Website, establish and maintain a toll-free number for questions by class members, as well as any other initial administration costs to

the Parties. To the extent that additional Settlement Administration Costs are incurred after this initial payment, but before the Effective Date, the Settlement Administrator will bill, and ACE shall pay, such additional costs. For any additional costs of Settlement Administration that are paid by ACE, ACE shall receive a credit against the amounts required to be paid into the Settlement Fund.

    b.  All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of ACE (via its counsel) and Class Counsel.

    c.  ACE will disburse to the Settlement Administrator the remainder of the Settlement Fund within ten (10) days following the Effective Date.

  9.  This Settlement Fund will constitute ACE's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Justin Mark Boise; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to one or more nonprofit organizations, pursuant to the procedures described in Section IV of the Settlement Agreement. No portion of the Settlement Fund will be returned to ACE, unless the Settlement is terminated in accordance with the terms of the Settlement Agreement.

  10.  Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms of the Settlement Agreement, shall commence only after the Effective Date. The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits

to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

11.  If the Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

12.  The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)  The escrow account for the Settlement Fund is established pursuant to this Order and is subject to the continuing jurisdiction of this Court;

(b)  The escrow account for the Settlement Fund is established to resolve or satisfy one or more Claims that have resulted or may result from an event that has occurred and that has given rise to at least one Claim asserting liability arising out of an alleged violation of law; and

(c)  The assets of the escrow account for the Settlement Fund are segregated from other assets of ACE, the transferors of the payment to the Settlement Fund.

13.  Under the "relation back" rule set forth in Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)  The escrow account for the Settlement Fund met the requirements of paragraphs 12(a) and 12(b) of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b)  ACE and the Settlement Administrator may jointly elect to treat the escrow account for the Settlement Fund as coming into existence as a "qualified settlement

7

fund" on the later of the date the escrow account for the Settlement Fund met the requirements of paragraph 12 of this Order or January 1 of the calendar year in which all of the requirements of paragraph 12 of this Order are met. If such a relation-back election is made, the assets held by the escrow account for the Settlement Fund on such date shall be treated as having been transferred to the escrow account for the Settlement Fund on that date.

### III. NOTICE TO SETTLEMENT CLASS MEMBERS

14.     The Court has considered the proposed Exhibits B, C, and D attached to the Settlement Agreement and finds that the forms, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstance, constitute sufficient notice to all persons and entities entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notices in all respects (including the proposed forms of notice and the notice provisions of the Settlement Agreement, and orders that notice be given in substantial conformity therewith. The costs of disseminating the Class Notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

15.     All costs of providing the Class Notice as provided herein, including the costs of identifying address information for Settlement Class Members and the costs of printing, web hosting and/or publishing the Class Notice, shall be paid for out of the Settlement Fund, subject to the terms hereof. In the event that the Settlement Agreement is terminated pursuant to its terms, ACE shall bear any costs of providing Class Notice already incurred.

16. The Court hereby approves the form, content and requirements of the Class Notices annexed to the Settlement Agreement as Exhibits B, C, and D and the procedure for notice set forth under Section VII in the Settlement Agreement.

17. The Court hereby finds that compliance with the procedures in Section VII of the Settlement Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

## IV. CONFIDENTIALITY

18. Any information received by the Settlement Administrator in connection with the Settlement Class that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Defendant's Counsel, and the Court, or as otherwise provided in the Settlement Agreement.

## V. REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

19. A Settlement Class Member wishing to make a Request for Exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice, so that it is postmarked no later than one hundred twenty (120) days after the

entry of this Preliminary Approval Order, and provide all such information as may be required by the Settlement Agreement or requested by the Settlement Administrator.

## VI. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

20. The Court appoints Kurtzman Carson Consultants as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) completing Class Notice, as provided in Section VII of the Settlement Agreement; (b) obtaining complete address information for Settlement Class Members (where possible) and new addresses for returned mail; and (c) creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, the Settlement Agreement, the Short Form Notice, the Long Form Notice, this Preliminary Approval Order and other important documents and information about the Settlement; (d) setting up and maintaining a toll-free telephone number and fielding telephone inquiries about the Settlement; (e) reviewing, processing and approving Claims; (f) acting as a liaison between Settlement Class Members and the Parties; (g) handling the process of mailing Benefit Checks; (h) preparing and providing a declaration to ACE's and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will attest to the compliance with the provisions of the Settlement Agreement related to Class Notice and list each Settlement Class Member who timely and validly opted out of the Settlement; and (i) perform any other tasks reasonably required to effectuate the Settlement.

## VII. FINAL APPROVAL HEARING AND SCHEDULE

21. A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court **on October 4, 2017 at 10:00 a.m. in the**

**Miami Division of the United States District Court for the Southern District of Florida before the Honorable Marcia G. Cooke, Courtroom 11-2.**

22. The Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court for the following purposes:

(a) to determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether any objections to the Settlement should be overruled;

(d) to determine whether the Aggregate Fees, Costs and Expenses should be approved, and whether a Judgment finally approving the Settlement should be entered;

(e) to consider the distribution of the Settlement Fund pursuant to the Stipulation of Settlement; and

(f) to rule upon such other matters as the Court may deem appropriate.

Briefs and papers in support of the final approval of the proposed settlement shall be filed no later than fourteen days (14) before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Judgment approving the Settlement Agreement and an Order dismissing the Action in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

23. No later than seven (7) calendar days prior to the Final Approval Hearing, the Settlement Administrator will file with the Court and serve both Class Counsel and ACE's Counsel a declaration stating that the Class Notice required by the Settlement Agreement has been completed in accordance with the terms of this Preliminary Approval Order.

24. On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for Final Approval; (ii) any application for Attorneys' Fees and Costs; and (iii) any application for an Incentive Award to the Class Representative. For clarity, the deadlines the parties shall adhere to are as follows:

> Class Notice Mailed and Published: *60 days after entry of Preliminary Approval Order*.
>
> Objection/Exclusion Deadline: *120 days after entry of Preliminary Approval Order.*
>
> Final Approval Submissions: **September 20, 2017**.
>
> Final Approval Hearing: **October 4, 2017**.

25. Pending final determination of whether the Settlement should be approved, the Plaintiff and/or Defendant shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity), and anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action which asserts Released Claims against the Defendant or other Released Parties.

26. If a Settlement Class Member wants to appear at the Final Approval Hearing and be heard with respect to objecting to the Settlement, that person or entity must file with the Court and serve on Class Counsel and Defendant's Counsel a written notice of the intention to appear at the Final Approval Hearing and object. Such written statement and notice must be filed with the Court and served on Class Counsel and Defendant's Counsel no more than one hundred twenty (120) days after entry of the Preliminary Approval Order.

Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. If a Settlement Class Member hires an attorney to represent him or her, at the Settlement Class Member's own expense, that attorney must file a notice of appearance with the clerk of the Court and must serve copies on Class Counsel and Defendant's Counsel no more than one hundred twenty (120) days after entry of this Order.

27. Any discovery or other information sought regarding the Settlement Agreement, Settlement, this Motion, the Final Approval Order and Judgment, and any matters related thereto, by any Settlement Class Member, any counsel on behalf of any Settlement Class Member, or by any objector or counsel representing an objector shall be permitted. All other discovery and other pretrial proceedings in this Action are stayed and suspended until further order of the Court.

### VIII. OTHER PROVISIONS

28. If the Settlement does not become effective, the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached.

29. The Court finds that Defendant has made no admissions of liability or wrongdoing of any kind associated with the alleged claims in the Complaint. Defendant has made no admission of liability or wrongdoing regarding each and every material factual allegation and all claims asserted against it in the Action. Nothing herein will constitute an

admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by Defendant that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. The Court further finds that the Settlement of the Action, the negotiation and execution of the Settlement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

30. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**DONE and ORDERED** in chambers in Miami, Florida this 26th day of April 2017.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres,* U.S. Magistrate Judge
*Counsel of Record*