UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-cv-21264-COOKE/TORRES

JUSTIN MARK BOISE, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

ACE AMERICAN INSURANCE
COMPANY, and ACE USA, INC.,

      Defendants.

_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Motion") (ECF No. 92). A Fairness Hearing was held on October 4, 2017 to determine whether the terms and conditions of the Stipulation and Agreement of Settlement ("Settlement Agreement") (ECF No. 71-1) are fair, reasonable, and adequate. Due and adequate notice having been given to the Class, and having considered all papers filed and proceedings in this Action and being otherwise fully informed, and good cause appearing therefore, it is hereby **ORDERED and ADJUDGED** as follows:

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement unless otherwise set forth in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including Members of the Class.

3. The Court preliminarily approved the Settlement Agreement by entering the Order Granting Preliminary Approval of Stipulation and Agreement of Settlement (ECF No. 77), as amended by Order Revising Settlement Scheduling Order (ECF No. 82), and notice was given to all Members of the Class under the terms of the Orders.

4. I find that:
   a. the Class is so numerous that joinder of all Members is impracticable;
   b. there are questions of law or fact common to the Class;
   c. Plaintiff's claims are typical of the claims of the Class;
   d. Plaintiff and Plaintiff's Counsel will fairly and adequately protect the interests of the Class;
   e. the questions of law or fact common to Members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual Class Members; and
   f. certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.
5. In light of the above findings and solely for purposes of the Settlement, I certify this Action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Class consists of:

   > All individuals in the United States who are or were customers of Nationstar Mortgage or BB&T Bank, on or after October 16, 2013 who: (1) received more than one telephone call made by or on behalf of Defendant within a 12-month period; (2) to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.

   Excluded from the Class are (1) any judge that may preside over the case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants, or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person or entity who has previously given a valid release of the claims asserted in the Action; and (7) Plaintiff's Counsel and their employees.
6. Based on the Court's findings that Plaintiff has claims typical of Class Members and that this individual will fairly and adequately represent the interests of the Class, the Court appoints, solely for purposes of the Settlement, lead Plaintiff Justin Mark Boise to serve as the Class Representative.

7. Based on the Court's findings that Plaintiff's Counsel will fairly and adequately represent the interests of the Class, the Court appoints, solely for purposes of this Settlement Agreement, W. Craft Hughes and Jarrett L. Ellzey of the law firm Hughes Ellzey, LLP to serve as Class Counsel.

8. Class Counsel, Hughes Ellzey, LLP, has substantial experience in TCPA class action litigation and has often served as class counsel in similar cases.

9. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Settlement Agreement and finds that:
   a. the Settlement contained therein is, in all respects, fair, reasonable, and adequate and in the best interest of the Class;
   b. there was no collusion in connection with the Settlement;
   c. the Settlement was the product of informed, arm's-length negotiations among competent, able counsel with the assistance of a well-respected mediator; and
   d. the record is sufficiently developed and complete to have enabled Plaintiff and Defendant to have adequately evaluated and considered their positions.

10. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby **DISMISSES *with prejudice*** the Action and the claims asserted in the Action. The Parties are to bear their own costs, except as and to the extent provided in the Settlement Agreement and in this Judgment.

11. The Court takes notice of the Parties' Joint Notice of Proposed *Cy Pres* Designation (ECF No. 99) and incorporates their designated organization into the terms of the Settlement Agreement. Any funds remaining from checks not cashed by Class Members shall be used to support Habitat for Humanity's efforts to rebuild areas affected by both Hurricanes Harvey and Irma.

12. Upon the Effective Date, as defined in the Settlement Agreement and by operation of this Judgment, Plaintiff and each of the other Class Members,

whether or not such person submits a Proof of Claim, shall be deemed to have released, dismissed, and forever discharged the Released Claims against each and every one of the Released Parties, with prejudice and on the merits, without costs to any of the Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Claims against any of the Released Parties in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.

13. The Notice given to the Class was the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort, and constituted due and sufficient notice to all persons. The form and method of the Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and due process. Thus, it is hereby determined that all Class Members are bound by this Judgment.

14. This Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715 and that more than ninety (90) days have elapsed since Defendant provided the required notices, as required by 28 U.S.C. § 1715(d).

15. The Plan of Allocation submitted by Plaintiff's Counsel, whereby each Class Member will receive an equal share of the Net Settlement Fund is hereby approved.

16. Neither the Settlement nor the Settlement Agreement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement or the Settlement Agreement:

    a. shall be offered or received against any of the Released Parties as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by any of the Parties or the validity, or lack thereof, of any claim or counterclaim, or the existence of any class that has been or could have been asserted in the Action or in any other

4

    litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

    b. shall be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released parties, or against any of the Released Parties as evidence of any infirmity in the claims asserted in the Action;

    c. shall be offered or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that the Released Parties may refer to the Settlement Agreement and Settlement to effectuate the liability protection granted them hereunder; and

    d. shall be construed against any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered at trial.

17. Any of the Parties may file the Settlement Agreement and/or this Judgment in any other action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, and enforcement of the Settlement Agreement.

19. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement and/or if the Effective Date does not occur, then all proceedings in connection with the settlement shall be without prejudice to the *status quo ante* rights of the parties to the Settlement Agreement, except as otherwise described in the Settlement Agreement. In such instance, the settlement and the Settlement Agreement shall be void *ab initio* and treated as if they never occurred, except as described in the Settlement Agreement.

21. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

22. There is no just reason for delay in entry of this Order and Final Judgment and immediate entry by the Clerk of Court is expressly directed.

23. I will defer ruling whether an appeal bond should be required, as Plaintiff's Counsel have not submitted any supporting documentation to justify the amount of the bond they are requesting.

**DONE and ORDERED** in chambers in Miami, Florida this 18th day of October 2017.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres,* U.S. Magistrate Judge
*Counsel of Record*