UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-cv-21264-COOKE/TORRES

JUSTIN MARK BOISE, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

ACE AMERICAN INSURANCE
COMPANY, and ACE USA, INC.,

      Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES, EXPENSES AND SERVICE AWARD FOR PLAINTIFF**

THIS MATTER is before the Court on Plaintiff's Motion for Attorneys' Fees, Expenses, and An Incentive Award ("Motion") (ECF No. 84). Defendant does not oppose the Motion; however, two Objections were filed. *See* ECF Nos. 87, 96. A Fairness Hearing was held on October 4, 2017. For the reasons discussed below, the Motion is granted and the Objections are overruled.

I have considered the Motion and all other supporting documentation, including the Supplemental Declaration of W. Craft Hughes in Support of Class Counsel's Motion for Attorneys' Fees (ECF No. 98). Adequate notice of the Settlement and the Motion was given to the Class as required by the Court's Order Granting Preliminary Approval of Stipulation and Agreement of Settlement (ECF No. 77) and as amended by Order Revising Settlement Scheduling Order (ECF No. 82). Having considered all the papers and proceedings in this matter, it is hereby **ORDERED and ADJUDGED** as follows:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement ("Settlement Agreement") (ECF No. 71-1), and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement unless otherwise set forth in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including Members of the Class.

3. Notice of the Motion was provided to potential Class Members in a reasonable manner, and such Notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.
4. Class Members were given the opportunity to object to the Motion in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure.
5. Two Objections were filed, one by Mr. Freddie Glover and one by Mr. Patrick Sweeney. *See* ECF Nos. 87, 96.
    a. Having considered Mr. Glover's Objection, Plaintiff's Response in Opposition (ECF No. 91), Mr. Glover's Reply (ECF No. 93), the record, and the relevant legal authorities, Mr. Glover's Objection (ECF No. 87) is **OVERRULED.**
    b. Having considered Mr. Sweeney's late-filed Objection and Plaintiff's Response in Opposition (ECF No. 94), it appears Mr. Sweeney is not a member of the Class and has no standing to object. Mr. Sweeney's Objection (ECF No. 96) is **OVERRULED.**
6. Plaintiff's Motion is **GRANTED** as described below.
7. Plaintiff's Counsel, Hughes Ellzey, LLP ("Plaintiff's Counsel"), are awarded attorneys fees in the amount of $2,928,000, or 30% of the total $9,760,000 settlement amount ("Settlement Amount"), plus $151,714.26 in reimbursement of costs and expenses they actually incurred and disbursed in prosecuting this Action for the Class.
8. In making this award of attorneys' fees and expenses to be paid from the Settlement Amount, I have considered and found that:
    a. The Settlement Agreement has created a Settlement Amount of $9,760,000 in cash for the benefit of the Class pursuant to the terms of the Settlement Agreement and Preliminary Order of Approval;
    b. Class Members who submitted valid Proof of Claim forms will benefit from the Settlement Agreement because of the efforts of Plaintiff's Counsel;
    c. The fee sought by Plaintiff's Counsel is fair and reasonable in the circumstances of this case and consistent with similar TCPA class settlements, s*ee Chimeno-Buzzi v. Hollister Co., et al.*, Case 1:14-cv-23120-MGC (S.D. Fla.)

(Cooke, J.) (awarding one-third); *Soto v. The Gallup Organization, Inc.*, Case 0:13-cv-61747-MGC (S.D. Fla.) (Cooke, J.) (awarding one-third); *Guarisma v. ADCAHB Medical Coverages, Inc., et al.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs);

d. The fee sought by Plaintiff's Counsel is less than the 35% fee allowed in the retainer agreement negotiated by Plaintiff's Counsel and Plaintiff at the outset of this Action;

e. The Notice mailed to Class Members stated that Plaintiff's Counsel would seek attorneys' fees up to 30% of the Settlement Amount, and further directed Class Members to a website on which the full Motion was accessible shortly after being filed with the Court, and only one Class Member objected;

f. This Action has been prosecuted by Plaintiff's Counsel with skill, perseverance, and diligence as reflected by the Settlement Agreement achieved and the positive reception by the Class;

g. Class Counsel achieved a settlement that confers substantial monetary benefits to the Class despite the hard fought litigation against sophisticated and well-financed Defendant represented by top-tier counsel, *see In re Sunbeam Sec. Litig.,* 176 F. Supp.2d 1323, 1334 (S.D. Fla. 2001);

h. The Action involved complex factual and legal issues that were skillfully researched and developed by Plaintiff's Counsel, were vigorously disputed by Defendant, and presented a significant risk of nonpayment;

i. Had the Settlement Agreement not been achieved, a significant risk existed that Class Members may have recovered significantly less than the Settlement Amount or nothing at all from Defendant;

j. Plaintiff's Counsel undertook this litigation on a completely contingent basis, dedicating significant resources to successfully prosecute this Action on behalf of the Class;

k. These efforts required work representing Plaintiff and the Class without compensation and diverted Class Counsel from putting time and resources into other matters;

3

1. The amount of attorneys' fees awarded and expenses reimbursed is appropriate to the specific circumstances of this Action.

9. Plaintiff Justin Mark Boise is hereby awarded $10,000 payable from the Settlement Amount as an incentive award for his participation and contributions to this litigation and representation of the Class.

10. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**DONE and ORDERED** in chambers in Miami, Florida this 18TH day of October 2017.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres,* U.S. Magistrate Judge
*Counsel of Record*